## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

*13-2529*

JONATHAN AMADOR, individually, and on behalf of all others similarly situated,

        Plaintiff,

v.

THE BRICKMAN GROUP, LTD., LLC,

        Defendant.

**Civil Action No.**

**COMPLAINT - Class Action**

**JURY DEMAND**

FILED
SCRANTON
OCT 08 2013

PER _____
DEPUTY CLERK

## CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiff Jonathan Amador, individually and on behalf of all others similarly situated, files this Class and Collective Action Complaint (the "Complaint") against The Brickman Group, Ltd., LLC ("Defendant" or "Brickman Group"), seeking all available relief under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), the Pennsylvania Minimum Wage Act, 43 P.S. § 333.101, *et seq.* ("PMWA") and 34 Pa. Code §§ 231.41 and 231.43(d)(3), the Pennsylvania Wage Payment and Collection Law, 43 Pa. Cons. Stat. § 260.1, *et seq.* ("WPCL"), as well as for unjust enrichment. The following allegations are based on personal

knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

## NATURE OF THE ACTION

1.     Pursuant to 28 U.S.C. § 216(b), Plaintiff brings this FLSA collective action on behalf of himself and all landscaping/crew "Supervisors" and other employees of Brickman Group who were paid "fluctuating work week"-type half-time overtime for hours worked over 40 in a workweek ("FWW") from the date three years preceding the filing of this Complaint through the date of judgment (the "FLSA Class").

2.     Pursuant to FED. R. CIV. P. 23, Plaintiff brings this action on behalf of himself and all landscaping/crew "Supervisors" and other employees of Brickman Group who were paid using the FWW overtime compensation method within the Commonwealth of Pennsylvania from the date three years preceding the filing of this Complaint through the date of judgment (the "Pennsylvania Class").[1]

3.     Defendant willfully violated the FLSA, PMWA and WPCL by failing to pay Plaintiff, the FLSA Class and the Pennsylvania Class for all overtime hours

---

[1] The statute of limitations under Pennsylvania law for unjust enrichment is four years. Accordingly, the Class Period for Plaintiff and the Class' unjust enrichment claim is the date four years preceding the filing date of this Complaint through judgment.

worked at a rate of time and one-half the required regular rate -- inclusive of all compensation not excludable from the regular rate calculation under applicable law -- for all hours worked over 40 in a workweek, and failing to pay Plaintiff, the FLSA Class, and the Pennsylvania Class all overtime owed on a timely basis. Plaintiff, the FLSA Class and the Pennsylvania Class are entitled to unpaid wages from Defendant for all hours worked over 40 in a workweek, and are also entitled to statutory liquidated damages, pre-judgment interest, attorneys' fees and costs.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5.      This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over the claims of Plaintiff and the Pennsylvania Class for violations of the PMWA, WPCL and unjust enrichment, because their state law claims and the federal claims derive from a common nucleus of operative fact and form part of the same case or controversy.

6.      Defendant is subject to personal jurisdiction in this District and within the Commonwealth of Pennsylvania.

7.      Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this District.

Plaintiff and other Class members worked for Defendant within this District and received payments from Defendant within this District.

8.      This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

9.      Plaintiff is an adult individual, and at all times relevant to this Complaint, Plaintiff worked for Defendant performing landscaping labor under the job title assigned by Defendant of "Supervisor" within this District, and received paychecks throughout his employment with Defendant that were issued by Defendant for delivery and receipt by Plaintiff in this District.

10.     Defendant is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 18227 Flower Hill Way, Suite D, Gaithersburg, Maryland 20879.

11.     Defendant operates a landscaping company that, as stated on its website, has "over 160 branches, serving 29 states" and "is uniquely positioned to deliver excellent service to local, regional, and national clients."

12.     Defendant maintains a branch office in Lackawanna County within this District.

13.    Defendant operates an enterprise engaged in commerce, and employs or employed Plaintiff and other similarly situated employees within the meaning of the FLSA, PMWA and WPCL.

14.    Defendant is and was engaged in business in the Commonwealth of Pennsylvania so that the exercise of jurisdiction over Defendant is proper.

## FACTS

15.    At all relevant times, Defendant has been and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

16.    At all relevant times, Defendant employed Plaintiff, and Plaintiff was an "employee," within the meaning of the FLSA, PMWA and WPCL.

17.    At all relevant times, Defendant had annual gross revenues exceeding $500,000.

18.    Plaintiff was employed by Defendant under the job title assigned by Defendant of "Supervisor" at Defendant's Branch 799 in or about Moosic, Pennsylvania (Lackawanna County) from approximately June 2010 through approximately March 2012.

19.    During Plaintiff's employment, Plaintiff and similarly situated employees regularly worked in excess of 40 hours per workweek without

receiving the legally required amount of overtime wages from Defendant for all overtime hours worked by them.

20.    Plaintiff, the FLSA Class and the Pennsylvania Class were paid overtime at only half-time their hourly rate, calculated by dividing their weekly "salary" by all hours worked, rather than at time and a half their required regular rate under applicable law, calculated inclusive of all non-excludable compensation, pursuant to the FWW method.

21.    Defendant's method of compensation for Plaintiff, the FLSA Class and the Pennsylvania Class was in violation of the FLSA, the PMWA and WPCL, which prohibit this pay practice.   Pennsylvania law prohibits this practice specifically at 34 Pa. Code §§ 231.41 and 231.43(d)(3).

22.    During Plaintiff's employment, Defendant paid Plaintiff, the FLSA Class and the Pennsylvania Class company-wide under the same centralized and uniformly applied compensation structure, in accordance with the centralized compensation and benefit terms established by Defendant's corporate office.

23.    Defendant's method of calculating overtime paid to Plaintiff for his hours worked over 40 in a week under the assigned job title of "Supervisor" is the same method that Defendant used to pay overtime to the FLSA Class and the Pennsylvania Class.

24. Defendant uniformly classified Plaintiff, the FLSA Class and the Pennsylvania Class as non-exempt under the FLSA and the PMWA at all times and acknowledged their entitlement to overtime pay for hours worked over forty in a workweek.

25. Defendant paid Plaintiff, the FLSA Class and the Pennsylvania Class in addition to their "salary," certain bonuses, at least one of which Defendant represented to be paid as a percentage of base salary, subject to certain longevity of service requirements ("bonuses").

26. For example, Defendant paid Plaintiff bonuses including, without limitation, in the form of checks dated December 3, 2010 and December 2, 2011.

27. Defendant's method of paying bonuses to Plaintiff for his work performed under the assigned job title of "Supervisor" is the same method that Defendant used to pay the bonuses to the FLSA Class and the Pennsylvania Class.

28. Defendant notified Plaintiff, the FLSA Class and the Pennsylvania Class of the criteria for and their eligibility to receive the annual bonus in advance of earning and receiving the annual bonus.

29. On one or more occasions, Defendant distributed employment policy documents company-wide to Plaintiff, the FLSA Class and Pennsylvania Class that contained the following statement regarding the bonus referenced therein ("annual bonus"):

> All full-time salaried employees and hourly supervisors, mechanics, drives, administrative personnel, and acquired hourly are eligible for an annual discretionary bonus.  An eligible employee must be on the active payroll at the time the bonus is declared (usually in early May) to receive a distribution.  The Company determines a percentage using a formula applied to the Company's audited assets and operating results for the preceding fiscal year.  An eligible employee's distribution is calculated by multiplying this percentage by the employee's base compensation at the end of the fiscal year and is prorated for the period of employment during such preceding fiscal year.  In recent years the percentage has been between 4% and 9%.

30.    This was Defendant's annual bonus policy applicable to Plaintiff, the FLSA Class and the Pennsylvania Class.

31.    The annual bonus is referenced by Defendant in its job postings and advertising recruitment for Supervisor positions, which state that the position's pay and benefits include "salary" and "bonus."

32.    Defendant has paid an annual bonus to all employees (including but not limited to full-time positions held by Plaintiff, the FLSA Class and the Pennsylvania Class) who satisfy certain eligibility and longevity of service requirements every year in a row for 19 straight years through approximately March-May, 2011, and upon information and belief has paid this bonus each year thereafter.

33. The annual bonus has been paid with such regularity as to have become an established and expected portion of the compensation for Plaintiff, the FLSA Class and the Pennsylvania Class.

34. The annual bonus is a "non-discretionary bonus," as that term is defined under the FLSA and/or its applicable regulations, and must therefore be included in the calculation of the regular rate for the workweeks covered by the bonus.

35. Defendant does not pay the annual bonus to employees who are not on the active payroll on the date that the bonus is declared each year.

36. Payment of bonuses to Plaintiff, the FLSA Class and the Pennsylvania Class caused their weekly non-overtime rate of pay to vary depending on whether bonuses were paid covering the workweek and the amount thereof.

37. By paying Plaintiff, the FLSA Class and the Pennsylvania Class bonuses that caused their straight time rates to vary for non-overtime hours, Defendant failed to pay a fixed weekly amount as required to satisfy the requirements for FWW pay plans under 29 C.F.R. § 778.114.

38. Defendant failed to include bonuses (including but not limited to the annual bonuses) in the regular rate when calculating the overtime paid to Plaintiff,

the FLSA Class and the Pennsylvania Class, in violation of the FLSA, PMWA and WPCL.

39.     By failing to include all non-excludable compensation in the calculation of the regular rate for even the FWW overtime compensation that it did pay to Plaintiff, the FLSA Class and the Pennsylvania Class, Defendant also thereby failed to make contemporaneous payments of overtime based on the regular rate established by applicable law as required to satisfy the requirements for FWW pay plans under 29 C.F.R. § 778.114.

40.     Defendant also paid Plaintiff, the FLSA Class and the Pennsylvania Class, different rates of pay depending on the hours of the day in which they worked for Defendant, by paying a straight hourly rate for hours worked before 7:00 a.m. or after 3:30 p.m. (reflected on pay records as "REG SNOW") during the same workweeks that Defendant paid FWW pay (reflected on pay records as "REG SALARY").

41.     By way of non-exhaustive example, Defendant paid Plaintiff at an hourly rate of $15.00/hour (reflected on pay records as "REG SNOW") for his 1.5 hours worked before 7:00 a.m. or after 3:30 p.m. on a paycheck dated February 23, 2012 for week ending February 19, 2012, and paid Plaintiff his FWW "salary" (reflected on pay records as "REG SALARY") of $614.89 on a paycheck dated February 23, 2012 for that same workweek.

42.   By paying such employees different rates of pay depending on the hours of the day in which the work was performed, Defendant failed to pay a fixed weekly amount as required to satisfy the requirements for FWW pay plans under 29 C.F.R. § 778.114.

43.   Defendant maintains a uniform FWW compensation policy and, pursuant to this uniform compensation policy, paid Plaintiff, the FLSA Class, and the Pennsylvania Class overtime at a rate less than time and one-half.

44.   The Western District of Pennsylvania has recently confirmed that payment of overtime under the FWW method, at any rate less than one and one-half times the "regular" or "basic" rate, is impermissible under the plain language of 34 Pa. Code § 231.43(d)(3), and violates the PMWA. *See Foster v. Kraft Foods Global, Inc.*, No, 09-453, 2012 WL 3704992 (W.D. Pa. Aug. 27, 2012); *Cerutti v. Frito Lay, Inc.*, 777 F. Supp. 2d 920 (W.D. Pa. 2011).

45.   By maintaining a uniform FWW half-time overtime compensation policy for Plaintiff, the FLSA Class and the Pennsylvania Class, Defendant willfully failed to pay them for all hours worked, and failed to pay them the legally required amount of overtime compensation at a rate of time and one-half for all hours worked in excess of 40 in a workweek. Defendant, consequently, did not pay overtime wages on a timely basis in violation of the FLSA, PMWA and WPCL.

46.     Defendant's failure to comply with the FLSA, PMWA and WPCL caused Plaintiff, the FLSA Class and the Pennsylvania Class to suffer lost wages and interest thereon.

47.     Defendant's failure to comply with the FLSA, PMWA and WPCL caused it to be unjustly enriched.

48.     All actions and omissions described in this Complaint were made by Defendant directly or through its supervisory employees and agents.

## COLLECTIVE ACTION ALLEGATIONS

49.     Plaintiff brings this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the FLSA Class.

50.     Plaintiff desires to pursue his FLSA claims on behalf of all individuals who opt-in to this action pursuant to 29 U.S.C. § 216(b).

51.     Plaintiff and the FLSA Class are "similarly situated" as that term is used in 29 U.S.C. § 216(b), because, *inter alia*, all such individuals worked pursuant to Defendant's previously described common business practices and, as a result of such practices, were not paid the full and legally mandated overtime premium for hours worked over forty during the workweek.  Resolution of this action requires inquiry into common facts, including, *inter alia*, Defendant's common compensation, timekeeping and payroll practices.

52.     Specifically, Defendant (a) failed to pay overtime at a rate of time and

one-half the required regular rate to Plaintiff and the FLSA Class; (b) failed to pay a fixed salary regardless of the number of hours worked, including but not limited to because Defendant paid additional bonuses to the Plaintiff and the FLSA Class and paid hourly rates for work performed during certain hours of the day; and (c) failed to provide Plaintiff and the FLSA Class with a clear, mutual understanding that Defendant would pay the employee a fixed salary regardless of the number of hours worked.

53.    The FLSA Class members are known to Defendant, are readily identifiable, and can be easily located through Defendant's records. Defendant employs hundreds of FLSA Class members throughout the country. These similarly situated employees can be readily notified of this action through direct mail and/or other means, and allowed to opt into this action pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages (or, alternatively, interest), and attorneys' fees and costs under the FLSA.

**CLASS ACTION ALLEGATIONS**

54.    Plaintiff brings this action individually and on behalf of the Pennsylvania Class pursuant to FED. R. CIV. P. 23(a), (b)(2) and (b)(3).

55.    Defendant violated the PMWA, specifically 34 Pa. Code §§ 231.41 and 231.43(b) because it: (a) failed to pay overtime at a rate of time and one-half

the required regular rate to Plaintiff and the Pennsylvania Class; (b) failed to pay a fixed salary regardless of the number of hours worked, including but not limited to because Defendant paid additional bonuses to the Plaintiff and the Pennsylvania Class and paid hourly rates for work performed during certain hours of the day; and (c) failed to provide Plaintiff and the Pennsylvania Class with a clear, mutual understanding that Defendant would pay the employee a fixed salary regardless of the number of hours worked.

56. Defendant violated the WPCL, specifically 43 P.S. §§ 260.9 and 260.10, by intentionally failing to pay Plaintiff and the Pennsylvania Class wages due to them.

57. Defendant has been unjustly enriched by retaining wages that are legally owed and due to Plaintiff and the Pennsylvania Class.

58. The Class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, these similarly situated employees are known to Defendant, are readily identifiable, and can be located through Defendant's records. Upon information and belief, there are at least 40 members of the Pennsylvania Class.

59. There are questions of law and fact common to the members of the Pennsylvania Class that predominate over any questions solely affecting the individual members of the Pennsylvania Class, including, without limitation:

a.     Whether Defendant employed Plaintiff and the Pennsylvania Class within the meaning of the PMWA and WPCL;

b.     Whether Defendant failed to pay Plaintiff and the Pennsylvania Class the legally required amount of overtime compensation for hours worked in excess of forty hours per workweek, and consequently all wages due to them, in violation of the PMWA and WPCL, specifically 34 Pa. Code §§ 231.41 and 231.43(b) and 43 P.S. §§ 260.9 and 260.10;

c.     Whether Defendant failed to pay Plaintiff and the Pennsylvania Class for all of the hours they worked;

d.     Whether Defendant has been unjustly enriched by its unlawful overtime policy.

e.     Whether Defendant is liable for all damages claimed by Plaintiff and the Pennsylvania Class, including, without limitation, compensatory, punitive and statutory damages, interest, costs and disbursements, and attorneys' fees; and

f.     Whether Defendant should be enjoined from continuing to violate the PMWA and WPCL in the future.

60.     Plaintiff's claims are typical of the claims of the members of the Pennsylvania Class.    Plaintiff has the same interests in this matter as all Pennsylvania Class members.

61.    Plaintiff is an adequate class representative, is committed to pursuing this action, and has retained competent counsel experienced in wage and hour law and class action litigation.

62.    Class certification of Plaintiff's Pennsylvania state law claims is appropriate pursuant to FED. R. CIV. P. 23(b)(2) because Defendant has acted or refused to act on grounds generally applicable to the Pennsylvania Class, making appropriate both declaratory and injunctive relief with respect to the Pennsylvania Class as a whole.   The members of the Pennsylvania Class are entitled to injunctive relief to end Defendant's common and uniform illegal FWW policy of denying the Pennsylvania Class the wages to which they are entitled.

63.    Class certification of Plaintiff's Pennsylvania state law claims is also appropriate pursuant to FED. R. CIV. P. 23(b)(3) because questions of law and fact common to the Pennsylvania Class predominate over questions affecting only individual members of the Pennsylvania Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

64.    Plaintiff knows of no difficulty that would be encountered in the management of this litigation that would preclude its maintenance as a class action.

## FIRST CLAIM FOR RELIEF:
## VIOLATION OF THE PMWA
## (ON BEHALF OF PLAINTIFF AND THE PENNSYLVANIA CLASS)

65.     All previous paragraphs are incorporated as though fully set forth herein.

66.     At all relevant times as alleged herein, Plaintiff and the Pennsylvania Class were employed by Defendant within the meaning of the PMWA.

67.     Defendant willfully violated Plaintiff's rights and the rights of the Pennsylvania Class by failing to pay them the legally required amount of overtime compensation at rates not less than one and one-half times the regular rate of pay for all hours worked by them in excess of forty in a workweek in violation of the PMWA, specifically 34 Pa. Code §§ 231.41 and 231.43(b).

68.     In violating the PMWA, Defendant acted willfully and with reckless disregard of clearly applicable PMWA provisions.

69.     Defendant's PMWA violations have caused Plaintiff and the Pennsylvania Class irreparable harm for which there is no adequate remedy at law.

70.     Due to Defendant's PMWA violations, Plaintiff and the Pennsylvania Class are entitled to recover from Defendant their unpaid wages for the legally required amount of overtime compensation for all hours worked by them in excess of forty in a workweek, actual and liquidated damages, including the employer's

share of FICA, FUTA, state unemployment insurance, and any other required employment taxes, reasonable attorneys' fees and costs and disbursements of this action.

**SECOND CLAIM FOR RELIEF:**
**VIOLATION OF THE WPCL**
**(ON BEHALF OF PLAINTIFF AND THE PENNSYLVANIA CLASS)**

71.    All previous paragraphs are incorporated as though fully set forth herein.

72.    The Pennsylvania Wage Payment and Collection Law ("WPCL") provides that an employer is obligated to pay all wages due to its employees. *See* 43 P.S. § 260.3.

73.    At all relevant times as alleged herein, Plaintiff and the Pennsylvania Class were employed by Defendant within the meaning of the WPCL.

74.    Defendant has intentionally failed to pay the wages due as set forth in the preceding paragraphs of this Complaint to Plaintiff and the Pennsylvania Class, in violation of Pennsylvania Code, 43 P.S. § 260.3.

75.    Defendant is not permitted by state or federal law, or by an order of a court of competent jurisdiction, to withhold or divert any portion of Plaintiff's and the Pennsylvania Class' wages that concern this lawsuit.

76. Defendant does not have written authorization from Plaintiff or any Pennsylvania Class Member to withhold, divert or deduct any portion of his or her wages that concern this lawsuit.

77. Pursuant to 43 P.S. §§ 260.9 and 260.10, employers such as Defendant, who intentionally fail to pay an employee wages in conformance with the WPCL shall be liable to the employee for the wages or expenses that were intentionally not paid, liquidated damages, court costs and attorneys' fees incurred in recovering the unpaid wages.

78. Due to Defendant's violation of the WPCL, Plaintiff and the Pennsylvania Class are entitled to recover all unpaid wages, including overtime wages at the established rate, as well as liquidated damages, court costs and attorneys' fees.

### THIRD CLAIM FOR RELIEF:
### UNJUST ENRICHMENT
### (ON BEHALF OF PLAINTIFF AND THE PENNSYLVANIA CLASS)

79. All previous paragraphs are incorporated as though fully set forth herein.

80. Defendant has received and benefitted from the uncompensated and undercompensated labors of Plaintiff and the Pennsylvania Class, such that to retain said benefit without compensation would be inequitable and would rise to the level of unjust enrichment.

81.     At all relevant times, Defendant devised and implemented a plan to increase its earnings and profits by fostering a scheme of securing work from Plaintiff and the Pennsylvania Class without paying overtime compensation at the rate required by Pennsylvania law.

82.     Contrary to all good faith and fair dealing, Defendant induced Plaintiff and the Pennsylvania Class to perform work while failing to pay overtime compensation at the rate required by law.

83.     By reason of having secured the work and efforts of Plaintiff and the Pennsylvania Class without paying overtime compensation at the rate required by law, Defendant enjoyed reduced overhead with respect to its labor costs, and therefore realized additional earnings and profits to its own benefit and to the detriment of Plaintiff and the Pennsylvania Class.  Defendant retained and upon information and belief continues to retain such benefits, contrary to the fundamental principles of justice, equity and good conscience.

84.     Accordingly, Plaintiff and the Pennsylvania Class are entitled to judgment in an amount equal to the benefits unjustly retained by Defendant.

### FOURTH CLAIM FOR RELIEF:
### VIOLATION OF THE FLSA
### (ON BEHALF OF PLAINTIFF AND THE FLSA CLASS)

85.     All previous paragraphs are incorporated as though fully set forth herein.

86. As alleged above, Plaintiff brings this action individually and as a collective action under 29 U.S.C. § 216(b) on behalf of the FLSA Class.

87. Plaintiff performed the same or similar job duties as the other FLSA Class members during the relevant time period.

88. At all relevant times, Defendant had a policy and practice of willfully refusing to pay Plaintiff and the FLSA Class the legally required amount of overtime compensation for all hours worked in excess of forty hours per workweek, as well as failed to pay them overtime compensation calculated based on the required regular rate under the FLSA on a timely basis in violation of the FLSA and 29 C.F.R. § 778.114.

89. On numerous occasions during the relevant period, Defendant suffered or permitted Plaintiff and the FLSA Class to work more than forty hours in a workweek without receiving overtime compensation at time-and-a-half their properly calculated regular rate for hours worked over forty under the FLSA -- *i.e.*, their regular rate inclusive of their base rate for non-overtime hours and all other compensation (including bonuses) not otherwise excludable under 29 U.S.C. § 207(e) ("regular rate").

90. Defendant failed to pay overtime at a rate of time and one-half to Plaintiff and the FLSA Class; failed to pay a "fixed weekly amount" as required for the FWW half-time exception under § 778.114 regardless of the number of

hours worked, including but not limited to because Defendant paid bonuses in addition to Plaintiff's weekly "salary" and also paid certain hours worked on a straight hourly basis; and failed to provide Plaintiff with a clear, mutual understanding that Defendant would pay Plaintiff a "fixed weekly amount."

91.    As a result of Defendant's willful failure to compensate Plaintiff and the FLSA Class at a rate not less than one and one-half times the required regular rate of pay for work performed in excess of forty hours in a workweek, Defendant has violated and continues to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1), 215(a) and 29 C.F.R. § 778.114.

92.    Upon information and belief, Defendant has failed to make, keep and preserve records with respect to Plaintiff and the FLSA Class sufficient to determine their wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

93.    Defendant's conduct as alleged herein constitutes a willful violation of the FLSA within the meaning 29 U.S.C. § 255(a).

94.    Due to Defendant's FLSA violations, Plaintiff and the FLSA Class are entitled to recover from Defendant their unpaid wages for the legally required amount of overtime compensation for all of the hours worked by them in excess of forty in a workweek, including actual and liquidated damages, pre- and post-

judgment interest, the Defendant's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes, reasonable attorneys' fees and costs and disbursements of this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully seeks entry of a judgment against Defendant including the following relief on behalf of himself, the FLSA Class and the Pennsylvania Class:

a. Certification of the PMWA, WPCL, and unjust enrichment claims pursuant to FED. R. CIV. P. 23(b)(2) and (b)(3), and the appointment of Plaintiff and his counsel to represent the members of the Pennsylvania Class;

b. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

c. An injunction requiring Defendant to cease its unlawful practices under, and comply with, the PMWA and WPCL;

d. An award of unpaid wages for all hours worked in excess of forty in a workweek at a rate of time and one-half the required regular rate of pay due Plaintiff and the Pennsylvania Class under the PMWA, WPCL, and unjust enrichment;

e. An award of unpaid wages for all hours worked in excess of forty in a workweek at a rate of time and one-half the required regular rate of pay due Plaintiff and the FLSA Class under the FLSA;

f. An award of liquidated and/or punitive damages to Plaintiff and the Pennsylvania Class as a result of Defendant's willful failure to timely pay for all hours worked in excess of forty in a workweek at a rate of time and one-half the regular rate of pay pursuant to the PMWA and WPCL;

g.     An award of liquidated and/or punitive damages to Plaintiff and the FLSA Class as a result of Defendant's willful failure to pay for all hours worked in excess of forty in a workweek at a rate of time and one-half the required regular rate of pay pursuant to the FLSA;

h.     An award of damages representing the employer's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes;

i.     An award of prejudgment and post-judgment interest;

j.     An award of costs and expenses of this action together with reasonable attorneys' fees and expert fees; and

k.     Such other and further relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff, individually and on behalf of the FLSA Class and Pennsylvania Class, demands a trial by jury for all issues so triable.

Dated:     October 4, 2013          BERGER & MONTAGUE, P.C.

Shanon J. Carson (PA 85957)
Sarah R. Schalman-Bergen (PA 206211)
Alexandra L. Koropey (PA 315240)
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
Telephone: (215) 875-4656
Facsimile: (215) 875-4604
Email:     scarson@bm.net
           sschalman-bergen@bm.net
           akoropey@bm.net

C. Andrew Head
Georgia Bar No. 341472 (application for *pro hac vice* to be filed)

24

FRIED & BONDER, LLC
White Provision, Suite 305
1170 Howell Mill Road, N.W.
Atlanta, Georgia 30318
Telephone: (404) 995-8808
Facsimile: (404) 995-8899
Email:        ahead@friedbonder.com

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
SCRANTON DIVISION

JONATHAN AMADOR, individually, and on
behalf of all others similarly situated,

    Plaintiff,

v.

THE BRICKMAN GROUP, LTD., LLC,

    Defendant.

Civil Action No.

**JURY DEMAND**

## CONSENT TO JOIN OVERTIME LAWSUIT

The undersigned hereby gives his/her consent to join the above-captioned action as a representative plaintiff, seeking to recover alleged unpaid overtime wages, liquidated damages, prejudgment interest, attorneys' fees, and costs from The Brickman Group, Ltd., LLC ("Defendant") under the Fair Labor Standards Act ("FLSA").

As a representative Plaintiff, I understand that I will have authority to participate in the making of decisions on behalf of myself and any plaintiffs, not named in the caption of the lawsuit, who later opt-in to this lawsuit, including but not limited to retaining counsel for the collective class. I have entered into a contingency fee agreement with the law firm of Fried & Bonder, LLC ("class counsel").

I hereby authorize such class counsel to make such further decisions with respect to the conduct and handling of this action, including the settlement thereof, as they deem appropriate and necessary. I further understand that I will be bound by any judgment, whether it is favorable or unfavorable. I will also be bound by, and will share in, as the Court may direct or the parties may agree, any settlement that may be negotiated on behalf of all plaintiffs in this action.

I acknowledge and agree that this consent is intended to be filed to participate in an action seeking to recover overtime wages alleged to be owed to me by Defendant, whether such allegations are made in this litigation or a subsequent suit that may be filed on my behalf. This consent may be filed in this litigation, or in any other or subsequent litigation in any court for the same purpose.

I hereby consent to join in this lawsuit.

Signature: _____  Date: 9/12/13

Printed Name: Jonathan Amador

```
Court Name: District Court
Division: 3
Receipt Number: 333033153
Cashier ID: tscott
Transaction Date: 10/08/2013
Payer Name: BERGER AND MONTAGUE
------------------------------------
CIVIL FILING FEE
 For: SARAH SCHALMAN BERGEN
 Amount:        $400.00
------------------------------------
Paper Check Conversion
 Check/Money Order Num: 150034
 Amt Tendered:  $400.00
------------------------------------
Total Due:      $400.00
Total Tendered: $400.00
Change Amt:     $0.00


Only when bank clears the check or
verifies credit of funds is the fee
or debit officially paid or
discharged. A $53.00 fee will be
charged for returned checks.
```