# EXHIBIT B

EXHIBIT

1

WILLIAMS, et al. v. MOHAWK INDUSTRIES, INC.

United States District Court
Northern District of Georgia
Case No. 04-CV-3 (HLM)

Settlement Agreement

As Of December 31, 2009

This Settlement Agreement is entered into by Plaintiffs Bonnie Jones and Gale Pelfrey ("Class Representatives"), individually and on behalf of the Class defined herein, by and through the undersigned counsel; Mohawk Industries, Inc. ("Mohawk"); and Zurich American Insurance Co. ("Zurich") (collectively, "the Parties").  The Parties hereby agree to the following terms in full settlement of the action styled *Williams v. Mohawk Industries, Inc.*, No. 04-cv-3-HLM (N.D. Ga.) (the "Action"), subject to approval by the United States District Court for the Northern District of Georgia (the "Court"):

## I.     CLASS CERTIFICATION

Solely for purposes of settlement, the Parties agree to certification of the following Class under Fed. R. Civ. P. 23(b)(3):

> All persons legally authorized to be employed in the United States who are or have been employed in hourly positions by Mohawk Industries, Inc., its subsidiaries or affiliates in Georgia at any time from January 1, 1999 to December 31, 2009 (the "Class Period"), other than an Excluded Employee (the "Class" or the "Class Definition").

> An "Excluded Employee" is an employee whose employment at Mohawk has been limited to Dal-Tile, Unilin, or Mohawk facilities in Milledgeville, Dublin, Tifton, Norcross, Kennesaw, or Atlanta, Georgia.

"Class Members" refers (whether in the singular or plural) to each and every person that falls within the Class Definition.  Any party may present the Court with additional, alternative bases for certification under any provision of Rule 23.  The Parties consent to certification of the Class under any provisions of Rule 23 selected by the Court.

## II.    TRAINING AND COMPLIANCE

For a period of two years following the Effective Date, as defined in Section VI(G) below, Mohawk agrees to (a) conduct an annual training session regarding federal and Georgia laws relating to the verification of employment eligibility for all personnel with regular responsibility for verifying employment eligibility for employees being hired to work at the

Mohawk facilities included within the Class Definition in Section I; and (b) maintain a phone number to which callers may anonymously report alleged violations of federal and Georgia laws relating to the verification of employment eligibility at the Mohawk facilities included within the Class Definition in Section I. The remedy for any breach of this Section II is limited to injunctive relief and shall not include monetary damages or penalties.

## III.    MONETARY RELIEF

### A.    The Settlement Fund and Settlement Fund Account

1.    **Settlement Fund Amount.**  The amount of the Settlement Fund is $18,000,000.  Mohawk and Zurich shall fund the Settlement Fund Account in accordance with the terms set forth in Section III(A)(3) below.

2.    **Qualified Settlement Fund.**  The Settlement Fund is intended by the Parties to be a "Qualified Settlement Fund" as described in Section 468B of the Internal Revenue Code, as amended, and Treas. Reg. § 1.468B-1 *et seq*.  The Claims Administrator shall serve as the Trustee of the Settlement Fund, shall act in a manner necessary to qualify the Settlement Fund as a Qualified Settlement Fund and to maintain that qualification, and shall administer the Settlement Fund subject to Court supervision.  Mohawk and Zurich shall hereby be deemed to have made an election under Section 468B of the Internal Revenue Code to have the Settlement Fund treated as a Qualified Settlement Fund.  Mohawk and Zurich shall timely furnish a statement to the Claims Administrator that complies with Treasury Regulation § 1.468B-3(e) and shall attach a copy of the statement to their federal income tax returns that are filed for the taxable year in which Mohawk and Zurich make the required payments to the Settlement Fund. The Parties shall cooperate to ensure treatment of the Settlement Fund as a Qualified Settlement Fund and shall not take a position in any filing or before any tax authority inconsistent with such treatment.

756198.1

3.  **Establishment and Funding of Settlement Fund Account.** Class Counsel have selected Settlement Services, Inc. ("SSI") as the Claims Administrator for this Settlement Agreement, and SSI has contractually agreed to perform the duties of the Claims Administrator set forth in this Settlement Agreement for the express benefit of the Parties and the Class. The Claims Administrator will open and administer an interest-bearing account ("Settlement Fund Account") with a unique Taxpayer Identification Number. Mohawk shall make a single payment of $5,000,000 by wire transfer to the Settlement Fund Account within three (3) business days of preliminary approval of this Settlement Agreement by the Court. Zurich shall wire $7,000,000 to the Settlement Fund Account within seven (7) business days of preliminary approval of this Settlement Agreement by the Court. In the event Zurich does not timely exercise its Termination Option pursuant to Section IV, Zurich shall wire additional funds, up to a maximum of an additional $6,000,000, to the Settlement Fund Account as necessary to pay amounts required to be distributed from the Settlement Fund. In no event shall any funds necessary to pay amounts required to be distributed from the Settlement Fund be wired to the Settlement Fund Account later than seventeen (17) days after the Claim Deadline.

4.  **Disposition of Settlement Fund Account.** The funds in the Settlement Fund Account and any interest thereon may be used, from the inception of the Account and as directed by Class Counsel, to pay costs of settlement administration. Prior to the Effective Date, only costs of settlement administration may be paid from the Settlement Fund Account. After the Effective Date, the funds in the Settlement Fund Account shall be used to make all distributions required from the Settlement Fund in the manner and at the times specified in this Settlement Agreement. In the event that Zurich timely exercises its Termination Option, the funds in the Settlement Fund Account shall be returned in the following order: (1) $5,000,000 of

funds remaining in the Settlement Fund Account shall be returned to Mohawk, and (2) thereafter, all remaining funds in the Settlement Fund Account shall be returned to Zurich, after payment of any outstanding costs of settlement administration. In the event that the Settlement Agreement does not become final and binding for reasons other than Zurich timely exercising its Termination Option, Mohawk and Zurich agree to split evenly the costs of settlement administration incurred prior to the Settlement Agreement's failure to become final and binding ("Failed Settlement Costs"), and the funds remaining in the Settlement Fund Account should be returned in the following order: (1) $5,000,000 minus one-half of the amount of the Failed Settlement Costs shall be returned first to Mohawk, and (2) any remaining funds in the Settlement Fund Account then shall be returned to Zurich.

5. **Interest.** All interest on the Settlement Fund Account shall be used, as directed by Class Counsel, to pay costs of settlement administration or taxes on the interest. Any interest shall not be subject to withholding and shall, if required, be reported appropriately to the IRS by the Claims Administrator. The Claims Administrator is responsible for the payment of all taxes on interest on the Settlement Fund.

B. **Distribution of the Settlement Fund**

1. **Class Representative Service Awards.** Bonnie Jones and Gale Pelfrey, through their undersigned counsel, shall be entitled to apply to the Court for awards from the Settlement Fund of up to $25,000 each ("the Class Representative Service Awards") for their participation in the Action and their service to the Class. Neither Mohawk nor Zurich shall oppose such applications. The Class Representative Service Awards shall be paid from the Settlement Fund.

2. **Administration, Withholding, Expense and Fee Award.** Class Counsel

shall be entitled to apply to the Court for an Administration, Withholding, Expense and Fee Award from the Settlement Fund, as described in Section III(D)(1) below. The Administration, Withholding, Expense and Fee Award shall be paid from the Settlement Fund.

3.    **Supplemental Settlement Administration Payment.**    In the event that the combined costs of settlement administration and the Employer Withholding Obligations exceed $500,000, then the portion of such costs that exceeds $500,000 shall be paid out of the Settlement Fund ("the Supplemental Settlement Administration Payment").

4.    **Calculation of Wages Fund and Non-Wages Fund.**    The Class Representative Service Awards, the Administration, Withholding, Expense and Fee Award and any Supplemental Settlement Administration Payment shall be collectively referred to as "the Adjustments." To calculate a Wages Fund and a Non-Wages Fund, the Claims Administrator will deduct the amount of the Adjustments from the $18,000,000 amount of the Settlement Fund. The Wages Fund shall consist of 1/3 of the Settlement Fund after deduction of the Adjustments, and the Non-Wages Fund shall consist of 2/3 of the Settlement Fund after deduction of the Adjustments. The Non-Wages Fund is established to resolve the Class Members' claims for treble damages.

C.    **Awards to Class Members**

1.    **Calculation of Awards.**    Mohawk will provide the Claims Administrator with information reflecting (i) the total number of days of service (not excluding weekends and holidays) for all hourly employees in jobs at the facilities falling within the Class Definition during the Class Period ("Total Class Service"); and (ii) the number of days of service (not excluding weekends and holidays) for each hourly employee in jobs at the facilities falling within the Class Definition during the Class Period ("Individual Class Member Service").

**Base Awards**.  Each Class Member shall be allocated a "Base Award" as follows:  Class Members whose Individual Class Member Service is from 1 to 29 days will be allocated a Base Award of $25; Class Members whose Individual Class Member Service is from 30 to 90 days will be allocated a Base Award of $75; and Class Members whose Individual Class Member Service exceeds 90 days will be allocated a Base Award of $150.  For each Class Member, 1/3 of the Class Member's Base Award will be allocated from the Wages Fund ("Base Wages Fund Award") and 2/3 of the Class Member's Base Award will be allocated from the Non-Wages Fund ("Base Non-Wages Fund Award").

**Additional Awards**.  Each Class Member shall also be allocated an "Additional Award" as follows:  For each Class Member, the Claims Administrator shall determine the percentage of the Total Class Service represented by the Individual Class Member Service ("the Individual Class Member Percentage"); the Claims Administrator shall multiply each Class Member's Individual Class Member Percentage by the amount of the Wages Fund that exceeds the total amount of all Base Wages Fund Awards to generate an "Additional Wages Fund Award" for each Class Member; and the Claims Administrator shall multiply each Class Member's Individual Class Member Percentage by the amount of the Non-Wages Fund that exceeds the total amount of all Base Non-Wages Fund Awards to generate an "Additional Non-Wages Fund Award" for each Class Member.

For each Class Member, the Claims Administrator shall add the Class Member's Base Wages Fund Award and the Class Member's Additional Wages Fund Award to calculate an "Individual Wages Fund Award."  For each Class Member, the Claims Administrator shall add the Class Member's Base Non-Wages Fund Award and the Class Member's Additional Non-Wages Fund Award to calculate an "Individual Non-Wages Fund Award."

The data provided to the Claims Administrator by Mohawk shall be conclusive for purposes of the calculations required by this Section III(C).

### 2. Requirements for Obtaining Awards.

a. **Requirement of Timely and Complete Claim Form.** To recover his or her Individual Wages Fund Award and Individual Non-Wages Fund Award, a Class Member is required to return to the Claims Administrator a complete Claim Form and Release, attached hereto as Exhibit B, that is postmarked by the Claim Deadline. The "Claim Deadline" shall be the date that is ninety (90) days after the date that the Claims Administrator first mails the Notice to Class Members (the "Notice Date").

b. **Failure to Return Timely and Complete Claim Form.** Failure to return a complete Claim Form and Release to the Claims Administrator that is postmarked by the Claim Deadline shall bar a Class Member from receiving his or her Individual Wages Fund Award, Individual Non-Wages Fund Award, or any other monetary award under this Settlement Agreement. In the event that a Claim Form and Release is postmarked after the Claim Deadline, the Claims Administrator shall not make a payment to the Class Member from the Settlement Fund. In the event that a Class Member returns an incomplete Claim Form and Release, including, for example, by failing to include required enclosures, the Claims Administrator shall not make a payment to the Class Member from the Settlement Fund. Neither the Claims Administrator nor any party shall be required to contact Class Members who submit incomplete Claim Forms and Releases.

c. **Time for Depositing Award Checks.** If a Class Member does not deposit, cash or negotiate his or her settlement check within one hundred and eighty (180) calendar days after the check is mailed, (a) the settlement check will be null and void; (b) the

Class Member will be barred from receiving an Individual Wages Fund Award, Individual Non-Wages Fund Award, or any other monetary award under this Settlement Agreement; and (c) the amount of such a check will revert to the Settlement Fund.

3.      **Deceased Class Members.**   Claim Forms and Releases may be filed for deceased Class Members through the representatives of their estates as long as a copy of the death certificate is also provided.  Any award paid to a deceased Class Member shall be made payable to the estate of the deceased Class Member.

4.      **Awards and Tax Documents.**  The Claims Administrator shall mail, in a single mailing, Individual Wages Fund Awards and Individual Non-Wages Fund Awards to those Class Members who are entitled to receive such awards.  Such mailings shall be made within twenty (20) days after the Effective Date.  Also, such mailings shall, to the extent possible, include any tax documents that are required to be sent to Class Members in connection with their Individual Wages Fund Awards and Individual Non-Wages Fund Awards; if that is not possible, the Claims Administrator will mail any tax documents that are required to be sent to Class Members in connection with their Individual Wages Fund Awards and Individual Non-Wages Fund Awards as soon as practicable.

5.      **Tax Allocation of Awards.**  The settlement awards to Class Members shall be allocated for tax purposes 1/3 to wages and 2/3 to non-wages.  This allocation is based on the nature of the claims asserted (which claims Mohawk continues to deny).  The amounts allocated as wages (Individual Wages Fund Awards) shall be treated as wages and subject to payroll taxes.

6.      **Tax Obligations.**  The Claims Administrator shall (a) withhold from each Class Member's Individual Wages Fund Award, and timely disburse to the IRS or other

appropriate authorities, the employee's portion of payroll taxes and tax withholding attributable to the Class Member's Individual Wages Fund Award ("Employee Withholding Obligations"), and (b) timely pay to the appropriate authorities the employer's withholding obligations (including but not limited to FICA and FUTA taxes and any state unemployment contributions) required to be paid on the Class Member's Individual Wages Fund Awards ("Employer Withholding Obligations").

The Parties shall have no responsibility or liability for any federal or state taxes owed in connection with the payments to Class Members made in connection with this Settlement Agreement.   The Employer Withholding Obligations shall be part of the Administration, Withholding, Expense and Fee Award.

7.    **Tax Reporting.**  The Claims Administrator shall prepare and provide to each Class Member receiving a payment from the Settlement Fund a Form W-2 (for wages) and (if applicable) a Form 1099 (for non-wages) for these payments.  The Class Representatives will also receive a Form 1099 for any Class Representative Service Award.   Class Counsel will receive a Form 1099 for the attorneys' fees and costs awarded to Class Counsel.   The Parties believe the attorneys' fees and costs awarded to Class Counsel need not be reported to the IRS as being income to the Class Members, based on the analysis in Internal Revenue Service Office of Chief Counsel Memorandum PRENO-11606-07 (May 18, 2007).   The Parties hereto agree to cooperate with the Claims Administrator, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions set forth in this paragraph.

8.    **Dispute Resolution.**  In the event of any dispute or issue raised by any of the Parties, by any Class Member or by any individual claiming to be a Class Member as to an individual's membership in the Class, an individual's timely return of a Claim Form and Release,

the sufficiency or validity of a Claim Form and Release, the calculation of a Class Member's Individual Class Member Service or Individual Class Member Percentage, the amount of a Class Member's Individual Wages Fund Award or Individual Non-Wages Fund Award, or the Class Member's eligibility for such an award, counsel for Mohawk and Zurich and Class Counsel shall confer.  If counsel are unable to resolve the dispute or issue, the dispute or issue will be resolved by the Claims Administrator.  The Claims Administrator's decisions on such disputes and issues shall be final, binding, and non-appealable.

9.   **Report**.  Upon request, at any time during the Claim Period, the Claims Administrator shall provide Zurich with the number of Claim Forms and Releases and their total award value.  Within seven (7) business days of the Claim Deadline, the Claims Administrator shall report to all Parties the total number of timely, valid Claim Forms and Releases that the Claims Administrator has received and their total award value.  The "Claims Administrator's Reporting Date" shall be the date on which the Claims Administrator reports this information to the Parties.  The Claims Administrator shall provide the Parties with a reconciliation of the Settlement Fund Account no later than ten (10) days after the Class Awards are mailed.

D.   **Costs of Settlement Administration, Employer Withholding Obligations, Reimbursement of Costs and Expenses and Attorneys' Fees**

1.   **Administration, Withholding, Expense and Fee Award.**  Class Counsel shall be entitled to apply to the Court for an award(s) from the Settlement Fund not to exceed a total of $6,000,000 to (i) pay costs of settlement administration; (ii) pay the Employer Withholding Obligations; (iii) reimburse Class Counsel for costs and expenses incurred by Class Counsel in prosecuting this Action; and (iv) pay attorneys' fees (the "Administration, Withholding, Expense and Fee Award").  Mohawk and Zurich agree not to oppose any such

application. As of December 31, 2009, Class Counsel estimate that the costs of settlement administration will be $285,000. As of December 31, 2009, Class Counsel estimate that they have incurred approximately $365,000 in expenses. Additional expenses are reasonably foreseeable to bring this settlement through a final conclusion.

      2.      **Costs and Expenses Incurred by Class Counsel and Attorneys' Fees**. Reimbursement of costs and expenses incurred by Class Counsel in this Action, and the attorneys' fees awarded by the Court shall be paid from and shall be part of the Administration, Withholding, Expense and Fee Award. The costs, expenses, and attorneys' fees awarded by the Court shall constitute full satisfaction of any obligation on the part of Mohawk or Zurich to pay any person, attorney, or law firm for costs, litigation expenses, attorneys' fees, or any other expense incurred on behalf of the Class.

      3.      **Class Counsel and Distribution**. The Parties consent to the Court appointing Bondurant, Mixson & Elmore, LLP; Cook & Connelly; Johnson & Bell, Ltd.; Foster PC; and Matthew D. Thames, Attorney-at-Law, LLC as "Class Counsel" in this Action. The Claims Administrator shall distribute to Class Counsel, or their designees, such costs, expenses and attorneys' fees as are approved by the Court in the manner directed by Class Counsel. The Claims Administrator shall make such distributions within twenty (20) days after the Effective Date.

      4.      **Demarcation**. It is the intention of the Parties to demarcate clearly between settlement proceeds in which Class Members have an interest which may subject them to tax liability and Class Counsel fees in which Class Members have no interest and on which it is intended they should not pay tax. Accordingly, the amount paid separately to Class Counsel for costs, expenses, and attorneys' fees is independent of and apart from the amounts paid to

Class Members, and Class Members shall at no time have any interest in costs, expenses, and attorneys' fees paid to Class Counsel. Mohawk, Zurich, and Class Counsel make no representation regarding and shall have no responsibility for the tax treatment of costs, litigation expenses, attorneys' fees, or any other payments paid to Class Counsel or the tax treatment of any amounts paid under this Settlement Agreement.

        **E.**    **Residual.**  In the event that there is any residual in the Settlement Fund after the distributions required by this Settlement Agreement are completed, that residual shall revert to and be the sole property of Zurich. The Claims Administrator will distribute the residual as two checks made payable to "Zurich North America Ref. #941-0121593." The first check is payable within thirty (30) days after all Class Member Awards are paid and will be the amount of the residual less the Claims Administrator's estimate of the amount required to conclude the Claims Administrator's obligations under the Settlement Agreement. The second check is payable thirty (30) days after the Claims Administrator's obligations under the Settlement Agreement are concluded.

## IV.    TERMINATION OF THE SETTLEMENT AGREEMENT

        Each individual to whom the Claims Administrator mails a Notice is designated a "Potential Claimant." In the event that the number of timely and valid claims filed by Potential Claimants is greater than fifty percent of the total number of Potential Claimants ("Condition"), then Zurich shall have the right to terminate this Settlement Agreement ("Termination Option"). In the event that Zurich chooses to exercise its Termination Option, it must do so within ten (10) business days following the Claims Administrator's Reporting Date (the "Termination Period"), and it must do so in writing to the Court, Class Counsel, and counsel for Mohawk.

In the event that Zurich does not exercise its Termination Option within the Termination Period, the Termination Option shall expire and be forever waived.  In addition, if Zurich does not exercise its Termination Option within the Termination Period, then as of the Effective Date, all of Mohawk's document and evidence preservation obligations related to this Action (including under the Court's "Order Governing Defendant Mohawk Industries, Inc.'s Preservation of Documents," dated April 27, 2007), shall immediately expire and cease to exist.

In the event that Zurich does timely exercise its Termination Option, then (a) this Settlement Agreement shall have no force and effect and be null and void except that Section III(A)(4) shall continue to govern the return of funds and Section VI(A) shall remain in effect; (b) the Parties shall return to the positions they occupied before entering into this Settlement Agreement, including retaining all rights, claims and defenses they had prior to entering the Settlement Agreement; (c) Zurich shall be liable for and pay all costs of settlement administration that have been incurred in connection with efforts to administer the settlement; and (d) the Settlement Agreement, any motions to approve the Settlement Agreement and the settlement negotiations shall be without prejudice to the rights of any party, shall not be attempted to be used by any Party in this Action and shall be inadmissible in the Action, except for proceedings to enforce any surviving aspect of the Settlement Agreement.

V.      **SETTLEMENT PROCEDURES**

A.      **Preliminary Approval**

The Parties shall, jointly or separately, move the Court to grant preliminary approval of this Settlement Agreement, to preliminarily certify the Class, and to approve the Notice of Class Action, Proposed Settlement Agreement and Settlement Hearing ("Notice") attached hereto as Exhibit A, and the Claim Form and Release attached hereto as Exhibit B.

B.      **Provision of Information to Claims Administrator**

Mohawk will provide the Claims Administrator with the information required to administer this settlement to the extent that Mohawk maintains such information in a form that is not unduly burdensome to retrieve. Mohawk will provide the following information from its computerized record system for each hourly employee who worked in a job at the facilities falling within the Class Definition during the Class Period: first, middle, and last name; last known address; social security number; dates of hire and termination; and number of days of service (not excluding weekends and holidays) for jobs at the facilities falling within the Class Definition during the Class Period. Mohawk will provide the Claims Administrator with the foregoing information within ten (10) calendar days of execution of this Settlement Agreement, and shall use its best efforts to provide other requested information within ten (10) calendar days of a request. The Claims Administrator shall use Class Members' social security numbers only for purposes of administering this settlement and shall keep those social security numbers confidential.

### C. **Class Notice**

Within thirty (30) days after the Court grants preliminary approval of this Settlement Agreement, the Claims Administrator shall mail the Notice attached hereto as Exhibit A, or such Notice as is approved by the Court, to the Class Members by first class mail. The Claims Administrator shall update the last known addresses of the Class Members through the National Change of Address system or similar databases. With respect to any Notices that are returned as undelivered, the Claims Administrator shall attempt one trace and, if the trace establishes an alternate address, attempt one additional mailing of the Notice to the alternate address. The Claims Administrator shall not be obligated to undertake additional traces or additional mailing

756198.1

14

efforts.  The Claims Administrator shall also maintain, through at least the Claim Deadline, a website containing at least the Notice and the Claim Form and Release.

      **D.**    **Opt-Outs and Objections**

As set forth below, Class Members shall have the right to opt out of the Class and this Settlement Agreement or to object to this Settlement Agreement.

      **1.**    **Requirements for Opting Out.**  Any Class Member who wishes to opt out of the Class and this Settlement Agreement must mail to the Claims Administrator, at the address listed in the Notice, a written, signed, and dated statement that he or she is opting out of the Class and understands that he or she will receive no money from the settlement of this Action.  To be effective, this opt out statement must be received no later than forty-five (45) days after the Notice Date.  The Claims Administrator will, within two (2) business days of receiving any opt out statement, provide counsel for the Parties with a copy of the opt out statement.  The Claims Administrator will, at least five (5) calendar days before the Settlement Hearing, file copies of all opt out statements with the Court.  The Class will not include any individuals who send timely and valid opt out statements, and individuals who opt out are not entitled to any monetary award under this Settlement Agreement.

      **2.**    **Requirements for Objecting.**  Any Class Member who wishes to object to this Settlement Agreement must mail to the Court, Class Counsel, Mohawk's Counsel, and Zurich's Counsel, at the addresses listed in the Notice, a written, signed, and dated objection containing (1) a detailed description of the basis for the objection and any supporting papers or briefs and (2) proof of membership in the Class.  To be effective, this objection must be received by the Court, Class Counsel Mohawk's Counsel and Zurich's Counsel no later than forty-five (45) days after the Notice Date (the "Objection Deadline").  No one may appear at the Settlement

Hearing for the purpose of objecting to the Settlement Agreement without having properly served a timely objection, and no one may object to the Settlement Agreement without having properly served a timely objection.  The Parties shall have the right to take discovery, including via subpoenas *duces tecum* and depositions, from any objector.

        **3.**      **Waiver of Objections.**  Except for Class Members who opt out of the Class in compliance with the foregoing, all Class Members will be deemed to be members of the Class in the Action for all purposes under this Settlement Agreement, the final approval order, the judgment, and the releases set forth in this Settlement Agreement and, unless they have timely asserted an objection to this Settlement Agreement, shall be deemed to have waived all objections and opposition to its fairness, reasonableness, and adequacy.

        **4.**      **No Encouragement of Objections.**  Neither Class Counsel, Mohawk, Zurich, their counsel, nor any person acting on their behalf, shall seek to solicit or otherwise encourage anyone to object to the Settlement Agreement or appeal from any order of the Court that is consistent with the terms of this Settlement Agreement.

        **E.**      **Settlement Hearing**

The Court shall hold a hearing to consider final approval of this Settlement Agreement (the "Settlement Hearing") no sooner than fifteen (15) days after the Objection Deadline and no later than thirty (30) days after the Objection Deadline.  The Objection Deadline is forty-five (45) days after the Notice Date.

        **F.**      **Entry of Judgment**

The Court will not enter final judgment in the Action until being notified that either (1) the Termination Period has expired without Zurich exercising its Termination Option, or (2) the Condition required to trigger the Termination Option has not occurred.

## VI.   GENERAL PROVISIONS

### A.   No Admission of Liability, No Collateral Use

The Parties acknowledge and agree that this Settlement Agreement is a voluntary and mutually acceptable resolution of the Class's claims.  By entering into this settlement, Mohawk does not admit wrongdoing or liability as to any matter whatsoever.  Mohawk denies the claims set forth in Plaintiffs' Complaint.  The Class asserts the merits and validity of its claims.  This Settlement Agreement shall not be cited, offered, or construed as an admission or evidence (including but not limited to an admission or evidence of the propriety or feasibility of certifying a class) in this Action or any other action or proceeding except for purposes of seeking approval, fulfillment, or enforcement of this Settlement Agreement.  Notwithstanding the foregoing, this Settlement Agreement may be used in any proceeding in the Court or in mediation or arbitration to enforce or implement any provision of this Settlement Agreement or implement or enforce any orders or judgments of the Court entered into in connection with this Settlement Agreement.

### B.   Dismissal With Prejudice

The motion for final approval of this Settlement Agreement shall include a request by Plaintiffs that the Court grant final approval of the Settlement Agreement, enter a final Judgment incorporating the Settlement Agreement into the Judgment and, if the Court grants final approval of the Settlement Agreement and incorporates the Settlement Agreement into the final Judgment, that the Court dismiss this Action with prejudice, subject to the Court's continuing jurisdiction to enforce the Settlement Agreement.  In the event the Judgment is reversed or the Settlement Agreement does not become final and binding, the Parties agree that the Court shall vacate any dismissal with prejudice.

C.   <u>Releases</u>

    1.   <u>Class Member Release</u>.

       a.   Upon the Effective Date, each Class Member who has not opted out of the Class remises, releases, acquits, waives and forever discharges the Mohawk Released Parties of and from any and all manner of actions, causes of action, suits, debts, judgments, rights, demands, damages, compensation, injuries to business, loss of service, expenses, attorneys' fees, litigation costs, other costs, rights or claims for reimbursement of attorneys fees, and claims of any kind or nature whatsoever, in law or equity, under any theory of common law or under any federal, state, or local law, statute, regulation, ordinance, or executive order that the Class Member ever had, whether directly or indirectly, that occurred from the beginning of time through December 31, 2009, WHETHER HERETOFORE OR HEREAFTER ACCRUING, WHETHER FORESEEN OR UNFORESEEN, OR WHETHER KNOWN OR UNKNOWN TO ALL OR ANY OF THE PARTIES (i) for wage depression or benefits depression that were or could have been asserted against Mohawk based on the facts alleged in this Action; (ii) that arise out of allegations that Mohawk, or any temporary agency, contract labor firm, or recruiter retained or used by Mohawk caused any class-wide economic injury through the hiring, employment, use (including but not limited to use on a temporary basis or contract labor basis), preference for or payment of illegal aliens, undocumented workers, or Hispanic or Latino workers; (iii) that arise out of the immigration or immigration-related laws, rules, and regulations of the United States, any state (or subdivision thereof), or any municipality; (iv) that relate to compensation or benefits and arise under the antitrust, information sharing, or price-fixing laws, rules, and regulations of the United States, any state (or subdivision thereof), or any municipality; or (v) that relate to the exchange of compensation or benefits information or the

fixing with other parties of compensation or benefits and arise under the unfair competition or unfair business practices laws, rules, and regulations of the United States, any state (or subdivision thereof), or any municipality (collectively, the "Released Claims").

b.   Upon the Effective Date, each of the Class Members who has not opted out of the Class fully, finally, and forever release and discharge, and shall be forever enjoined from prosecuting, all Released Claims against the Mohawk Released Parties.

c.   "Mohawk Released Parties" means and includes Mohawk Industries, Inc.'s past, present and future parent corporation(s), wholly and majority-owned company(ies), past, present and future affiliates, subsidiaries, divisions, joint ventures, predecessors, successors, successors-in-interest, and assigns; and all of these entities' employee benefit plans, fiduciaries, administrators, wage or benefit consultants, officers, directors, managers, employees, and attorneys.

d.   Each Class Member who does not opt out of the Class hereby stipulates and agrees, with respect to any and all Released Claims only, that, on the Effective Date, the Class Member shall be conclusively deemed to, and by operation of the final judgment shall, waive and relinquish any and all rights or benefits they may now have, or in the future may have, under any law relating to the release of unknown claims, including without limitation, Section 1542 of the California Civil Code, which provides:

*A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.*

Also, the Class Members who have not opted out, with respect to the Released Claims only, shall, upon the Effective Date, waive any and all provisions, rights, and benefits conferred

by any law, or any State or territory of the United States or any foreign country, or any principle of common law, which is similar, comparable, or equivalent in substance to Section 1542 of the California Civil Code.

        e.      The release in Section VI(C)(1)(a) to (d) applies to each and every Class Member who does not timely opt out of the Class, regardless of whether the Class Member receives any monetary award pursuant to this Settlement Agreement.

        f.      To obtain any monetary award in this case, each member of the Class will be required to execute a Claim Form and Release that releases the Mohawk Released Parties from any and all Released Claims.

        2.      **Mohawk/Zurich Release.**  Upon the final approval by the Court of this Settlement Agreement and after (a) the Termination Period has expired without Zurich exercising its Termination Option or (b) the Condition required to trigger the Termination Option has not occurred, Mohawk and Zurich shall mutually release each other (and each of their respective present and former subsidiaries, shareholders, officers, directors, employees, agents, attorneys, insurers, affiliates, successors, and assigns) from any and all claims, known or unknown, existing prior to December 31, 2009, that were or could have been asserted:  (1) based on the facts alleged in this Action, including but not limited to all claims made by Mohawk or Zurich in relation to Claim No. 941-0121593 under policy No. EOC 5229105-02; (2) related to or arising from Policy No. EOC 5229105-02; (3) claims for attorneys' fees, costs, and expenses related to Policy EOC 5229105-02; and (4) claims and causes of action relating to the approval by the Court of the Settlement Agreement.

        3.      **Undiscovered Facts.**  Class Counsel or the Class Members may hereafter discover facts in addition to or different from those which they know or believe to be true with

respect to the Released Claims.  Such facts, if known by them, might have affected the decision to settle with Mohawk and Zurich or remise, release, relinquish, acquit, waive, and forever discharge the Released Claims, or might have affected the decision of a member of the Class not to object to the Settlement Agreement.  Nevertheless, on the Effective Date, each Class Member who has not opted out of the Class shall have fully, finally, and forever settled, remised, released, relinquished, acquitted, waived and discharged any and all Released Claims.   The Class Members who have not opted out of the Class acknowledge that the foregoing release of claims was separately bargained for and a key element of this Settlement Agreement.

### D.    Documents and Information Produced by Mohawk and Plaintiffs.

This Settlement Agreement hereby incorporates the terms of the Agreed to Protective Order entered by the Court on May 20, 2004.  Class Counsel and Mohawk shall take the actions required by Paragraph 12 of that Order within thirty (30) days after the Effective Date.

### E.    Press Release and Media Comment.

On or before the date that Plaintiffs or the Parties jointly move for preliminary approval of this Settlement Agreement, the Parties shall issue the press release attached hereto as Exhibit C.  Mohawk shall direct all media inquiries regarding the Settlement Agreement to Juan P. Morillo.   Class Counsel and the Class Representatives shall direct all media inquiries regarding the Settlement Agreement to Howard Foster.  Class Counsel's discussion of this case with the media and in venues where the media is present shall be limited to conveying information in the press release, conveying information in the Settlement Agreement and Notice, and to referring the listener to publicly-filed documents.  Zurich shall direct all media inquiries regarding the Settlement Agreement to Julie Larsen.  The remedy for any breach of this Section VI(E) is limited to injunctive relief and shall not include monetary damages or penalties.

**F.**     <u>Cooperation</u>

The Parties agree that they will cooperate to effectuate and implement the terms and conditions of this Settlement Agreement.

**G.**     <u>Effective Date</u>

    **1.**     <u>Defined.</u>   "Effective Date" means the first date by which all of the following have occurred: (1) the Court has entered an Order granting final approval of this Settlement Agreement; (2) the Court has entered a final Judgment incorporating this Settlement Agreement and dismissing the Action with prejudice, with continuing jurisdiction limited to enforcing the Settlement Agreement; (3) the time for appeal has either run without an appeal having been filed or any appeal (including any requests for rehearing en banc or petitions for certiorari or appellate review) has been finally resolved; and (4) the Court has awarded expenses and attorneys' fees to Class Counsel.

    **2.**     <u>Absence of Approval.</u>   In the event that this Settlement Agreement does not become final and binding, no Party shall be deemed to have waived any claims, objections, rights or defenses, or legal arguments or positions, including but not limited to, claims or objections to class certification, or claims or defenses on the merits. Each party reserves the right to prosecute or defend this Action in the event that the Settlement Agreement does not become final and binding.

**H.**     <u>Judicial Enforcement</u>

The Court shall have continuing authority and jurisdiction to enforce this Settlement Agreement. The Parties shall have the authority to seek enforcement of this Settlement Agreement and any of its aspects, terms, or provisions under any appropriate mechanism, including contempt proceedings. The Parties will confer in good faith prior to seeking judicial enforcement of this Settlement Agreement.

**I.**     **Effect of Prior Agreements**

This Settlement Agreement constitutes the entire agreement and understanding of the Parties with respect to the settlement of this Action, contains the final and complete terms of the settlement of the Action and supersedes all prior agreements between the Parties regarding settlement of the Action.  The Parties agree that there are no representations, understandings, or agreements relating to the settlement of this Action other than as set forth in this Settlement Agreement.

**J.**     **No Drafting Presumption**

All Parties hereto have participated, through their counsel, in the drafting of this Settlement Agreement, and this Settlement Agreement shall not be construed more strictly against any one party than the other parties.  Whenever possible, each term of this Settlement Agreement shall be interpreted in such a manner as to be valid and enforceable.  Headings are for the convenience of the Parties only and are not intended to create substantive rights or obligations.

**K.**     **Notices**

All notices to the Parties or counsel required or desired to be given under this Settlement Agreement shall be in writing and sent by overnight mail and fax as follows:

To Plaintiffs:  Howard Foster, Esq., Foster P.C., 55 W. Wacker Dr., Suite 1400, Chicago, IL 60601; Fax No. 866-470-5738.

To Mohawk: Juan Morillo, Esq., Clifford Chance US LLP, 2001 K Street NW, Washington, DC 20006; Fax No. 202-912-6000.

To Zurich:  Julie Dean Larsen, Esq., Kutak Rock LLP, 18201 Von Karman Avenue, Suite 1100, Irvine, California  92612; Fax No.:  (949) 417-5394.

756198.1

**L.**     <u>**Modifications**</u>

No modifications to this Settlement Agreement may be made without written agreement of all Parties and Court approval.

**M.**     <u>**No Third Party Beneficiaries**</u>

This Settlement Agreement shall not inure to the benefit of any third party.

**N.**     <u>**Execution in Counterparts**</u>

This Settlement Agreement may be executed in counterparts. Each signed counterpart together with the others shall constitute the full Settlement Agreement. Each signatory warrants that the signer has authority to bind his party.

756198.1

FOR THE CLASS:

John E. Floyd
Georgia Bar No. 266413
Joshua F. Thorpe
Georgia Bar No. 710665
Ronan P. Doherty
Georgia Bar No. 224885
Nicole G. Iannarone
Georgia Bar No. 382510
BONDURANT, MIXSON & ELMORE, LLP
3900 One Atlantic Center
1201 West Peachtree Street, N.W.
Atlanta, Georgia 30309

Bobby Lee Cook
Georgia Bar No. 183100
COOK & CONNELLY
9899 Commerce Street
Summerville, Georgia 30747

William Johnson
JOHNSON & BELL, LTD.
Suite 2700
33 West Monroe Street
Chicago, Illinois 60603

Howard Foster
Foster P.C.
55 W. Wacker Dr.
Suite 1400
Chicago, IL 60601

Matthew D. Thames
Georgia Bar No. 703130
Matthew D. Thames, Attorney-at-Law, LLC
1419 Chattanooga Ave.
P.O. Box 2203
Dalton, GA 30722-0399

756198.1

FOR MOHAWK INDUSTRIES, INC.:

Title: _Chief Executive Officer_

FOR ZURICH AMERICAN INSURANCE CO.:

Title: Vice President Specialties Claims

756198.1

27

EXHIBIT

A

UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA, ROME DIVISION
*WILLIAMS v. MOHAWK INDUSTRIES, INC.*, NO. 04-CV-3-HLM
_____, 2010

## NOTICE OF CLASS ACTION,
## PROPOSED SETTLEMENT AGREEMENT AND SETTLEMENT HEARING

TO:   ALL PERSONS LEGALLY AUTHORIZED TO BE EMPLOYED IN THE UNITED STATES WHO
ARE OR HAVE BEEN EMPLOYED IN HOURLY POSITIONS BY MOHAWK INDUSTRIES, INC.,
ITS SUBSIDIARIES OR AFFILIATES IN GEORGIA AT ANY TIME FROM JANUARY 1, 1999 TO
DECEMBER 31, 2009 (THE "CLASS PERIOD"), OTHER THAN AN EXCLUDED EMPLOYEE.
(HEREINAFTER, "CLASS" OR "CLASS DEFINITION.")

AN EXCLUDED EMPLOYEE IS AN EMPLOYEE WHOSE EMPLOYMENT AT MOHAWK HAS
BEEN LIMITED TO DAL-TILE, UNILIN, OR MOHAWK FACILITIES IN MILLEDGEVILLE,
DUBLIN, TIFTON, NORCROSS, KENNESAW, OR ATLANTA, GEORGIA.

***PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY. YOUR RIGHTS WILL BE
AFFECTED BY PROCEEDINGS IN THIS LAWSUIT.***

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure and
the _____, 2010 Order of this Court, that (1) the Class Representatives preliminarily certified by the
Court, on behalf of the Class, (2) Mohawk Industries, Inc. ("Mohawk"), and (3) Zurich American Insurance Co.
("Zurich") have entered into a Settlement Agreement dated as of December 31, 2009 ("Settlement Agreement")
resolving the class-wide claims in this case.

A hearing (the "Settlement Hearing") will be held before the Honorable Harold L. Murphy of the United
States District Court for the Northern District of Georgia (the "Court" or "District Court") to determine whether
the terms of the proposed Settlement Agreement are fair, reasonable and adequate and should be approved and
whether final judgment should be entered. The Settlement Hearing will be held on _____, 2010, at the
United States Courthouse, 600 East First Street, Rome, Georgia 30161. **You are permitted but not required
to attend the Settlement Hearing.**

This Notice summarizes the key provisions of the Settlement Agreement. **Please pay particular
attention to Parts IV, V and VI of the Notice, which describe what you need to do to receive a monetary
award, the procedures you must follow if you choose to opt out of the Class or object to the Settlement
Agreement and deadlines under the Settlement Agreement**.

## I.   NATURE OF THE ACTION AND BACKGROUND OF SETTLEMENT

Plaintiffs filed the complaint in this case more than six years ago, on January 6, 2004. In the complaint,
Plaintiffs sought to represent a class and asserted claims that Mohawk had violated the federal Racketeer
Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. § 1961 *et seq.*, and the Georgia RICO Act,
O.C.G.A. § 16-14-1 *et seq.*, by violating federal laws relating to the hiring and harboring of unauthorized aliens
and the use of certain documents (including 8 U.S.C. §§ 1324(a)(3), 1324(a)(1)(A)(iii) & (iv) and 18 U.S.C.
§§ 1546(a) & (b)). Plaintiffs also asserted unjust enrichment claims relating to alleged workers' compensation
and wages savings. Mohawk filed an Answer denying that it had engaged in the conduct alleged and denying
liability.

On February 9, 2004, Mohawk filed a motion to dismiss the case.  The District Court denied that motion as to the federal and Georgia RICO claims and granted it as to the unjust enrichment claims related to workers' compensation.  The District Court permitted Mohawk to seek leave to appeal to the United States Court of Appeals for the Eleventh Circuit (the "Eleventh Circuit"), noting that the Seventh Circuit had rejected federal RICO claims similar to those brought by Plaintiffs.  The District Court stayed all discovery pending appellate proceedings.

The Eleventh Circuit exercised its discretion to accept Mohawk's appeal.  On June 9, 2005, the Eleventh Circuit affirmed the District Court's ruling on the motion to dismiss, except that it held that the District Court should have dismissed Plaintiffs' unjust enrichment claims relating to wages as well as workers' compensation savings.  Mohawk then petitioned the United States Supreme Court to review the Eleventh Circuit's ruling.  The Supreme Court granted that petition and heard oral argument on April 26, 2006.  On June 5, 2006, the Supreme Court remanded the case to the Eleventh Circuit for further consideration in light of an intervening federal RICO decision.  On September 27, 2006, the Eleventh Circuit affirmed the denial of Mohawk's motion to dismiss the federal and Georgia RICO claims and ruled that all unjust enrichment claims should be dismissed.

In March 2007, the discovery process began.  Discovery proceeded in accordance with a March 16, 2004 Scheduling Order limiting the first phase of discovery to whether or not class certification was appropriate.  Plaintiffs, through Class Counsel, served interrogatories, document requests, and requests for admission on Mohawk and also sought discovery from third parties.  Mohawk produced approximately one million pages of documents and approximately 20 million database records.  Class Counsel took thirteen depositions, including depositions of Mohawk and depositions of temporary employment agencies that contracted with Mohawk.  Class Counsel also engaged two expert witnesses to testify as to the viability of proving the impact of the conduct alleged in the complaint on a class-wide basis.

On December 18, 2007, the Class Representatives filed a motion for certification of the Class.  On March 3, 2008, the District Court denied the motion, ruling that the commonality, typicality, predominance and superiority requirements for class certification under Federal Rule of Civil Procedure 23 had not been satisfied.  The Class Representatives sought and obtained permission to appeal to the Eleventh Circuit, and the District Court entered a stay of the case.

On May 28, 2009, the Eleventh Circuit vacated the District Court's denial of the Class Representatives' motion for class certification and remanded for the District Court to assess whether common issues predominate over individual issues and whether a class action is superior to other forms of relief under Rule 23(b)(3).

On July 10, 2009, the Class Representatives and Mohawk reported to the District Court that they had agreed to mediation.  Counsel for the Class, Mohawk and Zurich met for a mediation session in August 2009, and continued settlement negotiations thereafter, including via the mediator.  On November 16, 2009, the District Court ordered Plaintiffs, Mohawk, Zurich and the mediator to attend a December 2, 2009 status conference at the Courthouse at which the issue of settlement would be addressed.  At a mediation session conducted at the Courthouse on that date, Plaintiffs, Mohawk, and Zurich agreed to a settlement.  The Settlement Agreement reflects the terms to which Plaintiffs, Mohawk and Zurich have agreed.  The Court preliminarily approved the Settlement Agreement on _____, 2010, and directed that this Notice be sent to the Class Members.

## II.  THE CLASS, CLASS REPRESENTATIVES AND CLASS COUNSEL

For purposes of settlement, the Court has preliminarily certified the Class defined above; certified Plaintiffs Bonnie Jones and Gale Pelfrey as "Class Representatives"; and certified Bondurant, Mixson & Elmore, LLP, Cook & Connelly, Johnson & Bell, Ltd., Foster PC, and Matthew D. Thames, Attorney-at-Law, LLC as "Class Counsel."

Class Counsel have concluded that settling the case under the terms of the Settlement Agreement is in the best interests of the Class.  This conclusion is based on factors including the substantial benefits the Settlement Agreement confers upon the Class; the uncertainties of outcome in this complex case; and the time and expense necessary to prosecute the case through trial and appeal, including the prospect of years of additional litigation.

Mohawk has reviewed the claims in detail, and it has denied any wrongdoing or liability in this matter. Nevertheless, Mohawk agrees that this case should be dismissed under the terms of the Settlement Agreement to avoid further expense and burdensome litigation.

## III.  SUMMARY OF RELIEF

**A.**      **Monetary Relief.**  Mohawk and Zurich have agreed to establish a Settlement Fund of $18 million.  Subject to Court approval, two Class Representative Service Awards, an Administration, Withholding, Expense and Fee Award, and if necessary, a Supplemental Settlement Administration Payment, will be paid out of the Settlement Fund.  The remainder of the Settlement Fund will be divided into a Wages Fund and Non-Wages Fund from which Class Members may, by complying with the Settlement Agreement, obtain monetary awards.  The Non-Wages Fund is established to resolve Class Members' claims for treble damages.  Mohawk and Zurich have already placed $12 million in an interest-bearing account, with the interest going to pay part of the costs of settlement administration.  Zurich will place additional funds in the account as necessary under the Settlement Agreement.

**1.  The Wages Fund and the Non-Wages Fund**.  The Wages Fund and Non-Wages Fund shall be distributed as follows:  Mohawk has provided a Claims Administrator selected by Class Counsel with information reflecting (i) the total number of days of service (not excluding weekends and holidays) for all hourly employees who worked in jobs at the facilities falling within the Class Definition during the Class Period ("Total Class Service"); and (ii) the number of days of service (not excluding weekends and holidays) for each hourly employee in jobs at the facilities falling within the Class Definition during the Class Period ("Individual Class Member Service").  **Base Awards**.  Each Class Member will be allocated a "Base Award" as follows:  Class Members whose Individual Class Member Service is from 1-29 days will be allocated a Base Award of $25; Class Members whose Individual Class Member Service is from 30-90 days will be allocated a Base Award of $75; and Class Members whose Individual Class Member Service exceeds 90 days will be allocated a Base Award of $150.  For each Class Member, 1/3 of the Class Member's Base Award will be allocated from the Wages Fund ("Base Wages Fund Award") and 2/3 of the Class Member's Base Award will be allocated from the Non-Wages Fund ("Base Non-Wages Fund Award").

**Additional Awards**.  Each Class Member will also be allocated an "Additional Award" as follows:  For each Class Member, the Claims Administrator will determine the percentage of the Total Class Service represented by the Individual Class Member Service ("the Individual Class Member Percentage"); the Claims Administrator will multiply each Class Member's Individual Class Member Percentage by the amount of the Wages Fund that exceeds the total amount of all Base Wages Fund Awards to generate an "Additional Wages Fund Award" for each Class Member; and the Claims Administrator will multiply each Class Member's Individual Class Member Percentage by the amount of the Non-Wages Fund that exceeds the total amount of all Base Non-Wages Fund Awards to generate an "Additional Non-Wages Fund Award" for each Class Member.  The Claims Administrator will add each Class Member's Base Wages Fund Award and Additional Wages Fund Award to calculate an "Individual Wages Fund Award."  The Claims Administrator will add each Class Member's Base Non-Wages Fund Award and Additional Non-Wages Fund Award to calculate an "Individual Non-Wages Fund Award."   The data provided to the Claims Administrator by Mohawk shall be conclusive for purposes of the award calculations.

The precise amount of the individual awards cannot be calculated until after the Court determines the amount of the Class Representative Service Awards and Administration, Withholding, Expense and Fee Award.

The Claims Administrator will withhold from the Individual Wages Fund Awards all employee obligations for required withholdings and will remit and report those obligations as required by law. The Claims Administrator will, if possible, include in the mailings containing the Individual Wages Fund Awards and Individual Non-Wages Fund Awards any tax documents that are required in connection with those awards. Class members should consult their tax advisors in connection with this Settlement Agreement as the Class Representatives, Class Counsel, Mohawk and Zurich make no representations regarding and have no responsibility for the tax treatment of any aspect of the Settlement Agreement. The Claims Administrator will also remit to the appropriate authorities the employer's withholding obligations (including but not limited to FICA and FUTA taxes and any state unemployment contributions) required to be paid on the Class Member's Individual Wages Fund Awards ("Employer Withholding Obligations").

If any issue is raised by any party, any Class Member or any person claiming to be a Class Member as to an individual's membership in the Class, an individual's timely return of a Claim Form and Release, the sufficiency or validity of a Claim Form and Release, the calculation of a Class Member's Individual Class Member Service or Individual Class Member Percentage, the amount of a Class Member's Individual Wages Fund Award or Individual Non-Wages Fund Award, or the Class Member's eligibility for such an award, counsel for the Parties and Zurich shall confer. If counsel are unable to resolve the issue, the issue will be resolved by the Claims Administrator, whose decision shall be final, binding, and non-appealable.

    **2.** **Class Representative Service Awards.** The two Class Representatives will apply for awards, which must be approved by the Court, from the Settlement Fund of up to $25,000 each for their participation in the Action and service to the Class. Class Counsel state that, throughout the more than six years this case has been pending, the Class Representatives have provided valuable services to the Class and assistance to Class Counsel. The Class Representatives subjected themselves to the risks, costs, and loss of privacy attendant to their status as litigants and underwent discovery procedures, including document requests, interrogatories and depositions.

    **3.** **Supplemental Settlement Administration Payment.** If the combined costs of settlement administration and the Employer Withholding Obligations exceed $500,000, the portion of such costs that exceeds $500,000 shall be paid out of the Settlement Fund.

    **4.** **Administration, Withholding, Expense and Fee Award.** Class Counsel will apply to the Court for an award(s) from the Settlement Fund of up to a total of $6,000,000 to cover the costs of (1) settlement administration, (2) the Employer Withholding Obligations, (3) reimbursement of expenses advanced and incurred by Class Counsel in prosecuting this case (including expert witness fees and expenses), and (4) payment of attorneys' fees. Class Counsel estimate that the costs of settlement administration will be $285,000 or more and that they incurred approximately $365,000 in expenses through December 31, 2009, and will incur certain additional expenses before the Settlement Hearing. The Court will review, approve and determine the amount of the Administration, Withholding, Expense and Fee Award.

    **5.** **Residual.** In the event that there is any residual in the Settlement Fund after the distributions required by this Settlement Agreement are completed, that residual shall revert to and be the sole property of Zurich.

    **B.** **Training and Compliance.** For two years after the Effective Date, Mohawk shall (1) conduct annual training regarding federal and Georgia laws relating to the verification of employment eligibility for all personnel with regular responsibility for verifying employment eligibility for employees being hired to work at the Mohawk facilities included within the Class Definition; and (2) maintain a telephone number to which

callers may anonymously report alleged violations of federal and Georgia laws relating to the verification of employment eligibility at the Mohawk facilities included within the Class Definition.

       **C.**    **Termination Option.** Each individual to whom the Claims Administrator mails a Notice is designated a "Potential Claimant." In the event that the number of timely and valid claims filed by Potential Claimants is greater than fifty percent of the total number of Potential Claimants, then Zurich shall have the right, but not the obligation, to terminate this Settlement Agreement. If Zurich chooses to exercise this option, it must do so in writing, with notice to the Court, Class Counsel and Mohawk within ten business days of receiving the Claims Administrator's report as to the total number of timely, valid Claim Forms and Releases the Claims Administrator received. If Zurich exercises this option, then the Settlement Agreement shall be null and void, and the Parties shall return to the positions they occupied prior to entering into this Settlement Agreement, and Zurich shall pay all costs of settlement administration.

       **D.**    **Class Member Release**.

       1. Upon the Effective Date, each Class Member who has not opted out of the Class remises, releases, acquits, waives and forever discharges the Mohawk Released Parties of and from any and all manner of actions, causes of action, suits, debts, judgments, rights, demands, damages, compensation, injuries to business, loss of service, expenses, attorneys' fees, litigation costs, other costs, rights or claims for reimbursement of attorneys fees, and claims of any kind or nature whatsoever, in law or equity, under any theory of common law or under any federal, state, or local law, statute, regulation, ordinance, or executive order that the Class Member ever had, whether directly or indirectly, that occurred from the beginning of time through December 31, 2009, WHETHER HERETOFORE OR HEREAFTER ACCRUING, WHETHER FORESEEN OR UNFORESEEN, OR WHETHER KNOWN OR UNKNOWN TO ALL OR ANY OF THE PARTIES (i) for wage depression or benefits depression that were or could have been asserted against Mohawk based on the facts alleged in this Action; (ii) that arise out of allegations that Mohawk, or any temporary agency, contract labor firm, or recruiter retained or used by Mohawk caused any class-wide economic injury through the hiring, employment, use (including but not limited to use on a temporary basis or contract labor basis), preference for or payment of illegal aliens, undocumented workers, or Hispanic or Latino workers; (iii) that arise out of the immigration or immigration-related laws, rules, and regulations of the United States, any state (or subdivision thereof), or any municipality; (iv) that relate to compensation or benefits and arise under the antitrust, information sharing, or price-fixing laws, rules, and regulations of the United States, any state (or subdivision thereof), or any municipality; or (v) that relate to the exchange of compensation or benefits information or the fixing with other parties of compensation or benefits and arise under the unfair competition or unfair business practices laws, rules, and regulations of the United States, any state (or subdivision thereof), or any municipality (collectively, the "Released Claims").

       2. Upon the Effective Date, each of the Class Members who has not opted out of the Class fully, finally, and forever release and discharge, and shall be forever enjoined from prosecuting, all Released Claims against the Mohawk Released Parties.

       3. "Mohawk Released Parties" means and includes Mohawk Industries, Inc.'s past, present and future parent corporation(s), wholly and majority-owned company(ies), past, present and future affiliates, subsidiaries, divisions, joint ventures, predecessors, successors, successors-in-interest, and assigns; and all of these entities' employee benefit plans, fiduciaries, administrators, wage or benefit consultants, officers, directors, managers, employees, employees, and attorneys.

       4. Each Class Member who does not opt out of the Class hereby stipulates and agrees, with respect to any and all Released Claims only, that, on the Effective Date, the Class Member shall be conclusively deemed to, and by operation of the final judgment shall, waive and relinquish any and all rights or benefits they

may now have, or in the future may have, under any law relating to the release of unknown claims, including without limitation, Section 1542 of the California Civil Code, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

Also, the Class Members who have not opted out, with respect to the Released Claims only, shall, upon the Effective Date, waive any and all provisions, rights, and benefits conferred by any law, or any State or territory of the United States or any foreign country, or any principle of common law, which is similar, comparable, or equivalent in substance to Section 1542 of the California Civil Code.

5. This release applies to each and every Class Member who does not timely opt out of the Class, regardless of whether the Class Member receives any monetary award pursuant to this Settlement Agreement.

6. To obtain any monetary award in this case, each member of the Class will be required to execute a Claim Form and Release that releases the Mohawk Released Parties from any and all Released Claims.

7. "Effective Date" means the first date by which all of the following have occurred: (1) the Court has entered an Order granting final approval of the Settlement Agreement; (2) the Court has entered a final Judgment incorporating the Settlement Agreement and dismissing the Action with prejudice, with continuing jurisdiction limited to enforcing the Settlement Agreement; (3) the time for appeal has either run without an appeal having been filed or any appeal (including any requests for rehearing en banc or petitions for certiorari or appellate review) has been finally resolved; and (4) the Court has awarded expenses and attorneys' fees to Class Counsel.

## IV. WHAT YOU NEED TO DO TO RECEIVE YOUR AWARD

**To receive a monetary award under the Settlement Agreement**, that is, to recover your Individual Wages Fund Award and Individual Non-Wages Fund Award, **you must mail a complete Claim Form and Release to the Claims Administrator that is postmarked by _____, 2010. If you do not mail a complete Claim Form and Release to the Claims Administrator that is postmarked by _____, 2010, you will not receive any monetary award under this Settlement Agreement and will be deemed to have waived your right to do so.**

**You must provide all information requested by the Claim Form and Release, including providing a copy of one of the documents listed in Section 6 of that form.** This means that you must provide your name and address, social security number, place and date of birth, a sworn statement that you were legally authorized to be employed in the United States when you were employed by Mohawk and a copy of one of the documents listed in Section 6 of the form. By executing the Claim Form and Release, as discussed above, you will be giving up any Released Claims you have against Mohawk Released Parties, known or unknown, existing prior to December 31, 2009.

**If the Court grants final approval of the Settlement Agreement, the judgment in this case will dismiss all claims in the case with prejudice and will bind <u>all</u> Class Members who do not request exclusion from the Class, whether or not those Class Members return Claim Forms and Releases.**

## V. YOUR RIGHT TO OPT OUT OR OBJECT TO THIS SETTLEMENT

You may opt out of the Class, which will mean giving up your right to obtain any monetary award from the Settlement Agreement, by following the procedure set forth below.  **Class Members who opt out of the Class will not obtain any money from the Wages Fund, the Non-Wages Fund, or this Settlement Agreement.**  If you choose to opt out of the Class, you will be free to pursue any claims that you have under applicable law resulting from your employment at Mohawk, and Mohawk will be free to raise any defenses it has to your claims.

**Procedure for Opting Out.**  If you want to opt out of the Class, you must mail to the following address a written, signed and dated statement that you are opting out of the Class and that you understand that you will receive no money from the settlement of this Action:

**Mohawk Class Action Litigation**
c/o [Claims Administrator]
[Street Address]
[City, State, Zip Code]

**To be effective, your opt out statement must be received by the Claims Administrator no later than [forty-five (45) days after the date of this Notice].**  If you submit a timely and valid opt out statement, the Court will exclude you from the Class, and the judgment in this Action and the release in the Settlement Agreement will not apply to you.

**You cannot both opt out of the Class and object to the Settlement Agreement.**  If you attempt both to opt out and to object, you will be deemed to have opted out and not objected.  **You cannot both opt out of the Class and seek a monetary award under the Settlement Agreement.**  If you attempt both to opt out and file a Claim Form and Release, you will be deemed to have opted out.

**Procedure for Objecting.**  Any Class Member may, by following the procedures set forth below, object to the Settlement Agreement.  **To object to the Settlement Agreement, a Class Member must mail to the Court, Class Counsel, Mohawk's Counsel and Zurich's Counsel, at the addresses listed below:  (1) a written and dated objection containing a detailed description of the basis for the objection and any supporting papers or briefs and (2) proof of membership in the Class.  To be effective, any objection must be received by the Court, Class Counsel, Mohawk's Counsel and Zurich's Counsel no later than [forty-five (45) days after the date of this Notice].**

| **Court** | **Class Counsel** |
|---|---|
| Office of the Clerk | Howard Foster, Esq. |
| United States Courthouse | Foster P.C. |
| 600 East First Street | 55 W. Wacker Dr. |
| Rome, GA 30161 | Suite 1400 |
| Attn: Mohawk Class Action | Chicago, IL 60601 |

| **Mohawk's Counsel** | **Zurich's Counsel** |
|---|---|
| Juan P. Morillo, Esq. | Julie D. Larsen, Esq. |
| Clifford Chance US LLP | Kutak Rock LLP |
| 2001 K Street NW | 18201 Von Karman Ave. |
| Washington, DC 20006 | Irvine, CA 92612 |

**Any Class Member who does not object to the Settlement Agreement in the manner provided above and in full compliance with the Settlement Agreement shall be deemed to have waived any**

objection and will forever be barred from objecting to the Settlement Agreement. The Parties to the Settlement Agreement may conduct discovery of objectors.

Any Class Member may appear at the Settlement Hearing, in person or through counsel, and be heard as to why the proposed Settlement Agreement should or should not be approved and why judgment should or should not be entered. No Class Member may appear at the Settlement Hearing and object to the Settlement Agreement, however, if he or she has not followed the procedures for objecting described above. Further, in order to appear at the Settlement Hearing, a Class Member and his or her counsel must provide the Court, Class Counsel, Mohawk's Counsel and Zurich's Counsel with written notice of their intention to appear no later than ten (10) days before the Settlement Hearing. Class Members and counsel who fail to provide such notice will not be permitted to appear at the Settlement Hearing. Class Members may enter an appearance in this Action through counsel if they so desire.

## VI. WHAT HAPPENS NEXT

By _____, 2010, (1) Class Members who wish to opt out must ensure that the Claims Administrator has received an opt out statement in compliance with the requirements of Part V of this Notice; and (2) Class Members who wish to object to this Settlement Agreement must ensure that the Court, Class Counsel, Mohawk's Counsel and Zurich's Counsel have received objections in compliance with the requirements of Part V of this Notice.

On _____, 2010, the Court will conduct a Settlement Hearing to evaluate the fairness, adequacy and reasonableness of the Settlement Agreement.

By _____, 2010, any Class Member who wishes to obtain individual monetary awards under the Settlement Agreement must have mailed a valid Claim Form and Release to the Claims Administrator in compliance with the procedures set forth in Part IV of this Notice.

If the Court grants final approval of the Settlement Agreement, the Court's order and judgment granting final approval are not appealed, and the Court has set the amount of the Administration, Withholding, Expense and Fee Award, the Settlement Agreement will become final and binding thirty days after entry of judgment.

Within twenty (20) days after the Settlement Agreement becomes final and binding, the Claims Administrator will mail award checks to Class Members who have submitted timely and valid Claim Forms and Releases. **If your mailing address changes before you receive your final monetary award, please notify the Claims Administrator in writing at the address listed in Part IV of this Notice.**

## VII. HOW TO OBTAIN ADDITIONAL INFORMATION

This Notice only summarizes the case and the Settlement Agreement; it does not purport to be all-encompassing. For more information, you may go to [WEBSITE ADDRESS] or call the following toll-free number: [_____]. You may also consult the pleadings, the complete Settlement Agreement and other papers filed in the case, which are available for inspection at the Office of the Clerk, United States Courthouse, 600 East First Street, Rome, Georgia 30161 or on the PACER system. **Specific inquiries should not be directed to the Clerk's Office or the Court, however.** All written inquiries by Class Members to Class Counsel should be sent to the address for Class Counsel listed in Part V of this Notice.

EXHIBIT

B

## CLAIM FORM AND RELEASE

## COMPLETE THE FORM ON THE REVERSE SIDE

TO:   ALL PERSONS LEGALLY AUTHORIZED TO BE EMPLOYED IN THE UNITED STATES WHO ARE OR HAVE BEEN EMPLOYED IN HOURLY POSITIONS BY MOHAWK INDUSTRIES, INC., ITS SUBSIDIARIES OR AFFILIATES IN GEORGIA AT ANY TIME FROM JANUARY 1, 1999 TO DECEMBER 31, 2009, OTHER THAN AN EXCLUDED EMPLOYEE (THE "CLASS").

AN EXCLUDED EMPLOYEE IS AN EMPLOYEE WHOSE EMPLOYMENT AT MOHAWK HAS BEEN LIMITED TO DAL-TILE, UNILIN, OR MOHAWK FACILITIES IN MILLEDGEVILLE, DUBLIN, TIFTON, NORCROSS, KENNESAW OR ATLANTA, GEORGIA.

This Claim Form and Release ("Form") has been sent to you pursuant to the terms of a Settlement Agreement dated as of December 31, 2009 ("Settlement Agreement") in *Williams v. Mohawk Industries, Inc.*, No. 4-CV-3-HLM, and a _____, 2010 Order of the Court.  Class Members may obtain monetary awards, as described in the Settlement Agreement, by following the procedures in the Settlement Agreement, the Notice of Class Action, Proposed Settlement Agreement and Settlement Hearing ("Notice") and this Claim Form.  Awards will be paid if the Settlement Agreement is approved by the Court and becomes final and binding.

**To receive any money under the Settlement Agreement, you must return to the Claims Administrator a complete Form at the address listed below.  You must postmark your mailing by _____, 2010:**

**Mohawk Class Action Litigation**
c/o Settlement Services, Inc.
[Street Address], [City, State, Zip Code]

If you do not return a complete Form to the Claims Administrator on time, you will not receive any money under the Settlement Agreement and will be deemed to have waived your right to obtain any money under the Settlement Agreement.

**You must provide all information requested by the Form, <u>including</u> a copy of one of the documents (or combination of documents) listed in Item 6, and must state under penalty of perjury that you were legally authorized to be employed in the U.S. when you worked for Mohawk.**

756339.1

**COMPLETE THIS FORM, MAKE A COPY OF ONE OF THE DOCUMENTS (OR COMBINATION OF DOCUMENTS) LISTED IN ITEM 6 AND MAIL THE FORM AND THE COPY TO:  MOHAWK CLASS ACTION LITIGATION C/O [CLAIMS ADMINISTRATOR], [STREET ADDRESS] [CITY, STATE, ZIP CODE] BY _____, 2010.**

(1)     STATE YOUR FULL NAME: _____

(2)     STATE YOUR CURRENT ADDRESS:_____
_____    _____

(3)     SOCIAL SECURITY NO.: _____(4)  DATE OF BIRTH _____

(5)     STATE YOUR PLACE OF BIRTH: _____

(6)     **MAKE A COPY OF ONE OF THE FOLLOWING DOCUMENTS (OR COMBINATION OF DOCUMENTS) AND INCLUDE THE COPY WHEN YOU SEND BACK THIS FORM**.  YOU MUST INCLUDE A COPY OF ONE OF THE FOLLOWING:

     (a)     Driver's license or other photographic identification card issued to you by a State or Possession of the United States; or

     (b)     United States Passport issued to you; or

     (c)     Permanent Resident Card or Alien Registration Receipt Card issued to you; or

     (d)     Any other document (or combination of documents) that establish your identity and eligibility to work in the United States, including any of the documents (or combination of documents listed on U.S. Form I-9 (available at http://www.uscis.gov/files/form/i-9.pdf).

(7)     SIGN AND VERIFY THE ACCURACY OF THE FOLLOWING STATEMENT:

     (A)     I hereby certify under penalties of perjury that the foregoing information is true and correct and that I was legally authorized to be employed in the United States when I was employed by Mohawk; and

     (B)     I hereby release all Released Claims (as defined in the Notice) that I have against Mohawk Released Parties (as defined in the Notice), known or unknown, existing prior to December 31, 2009, that were or could have been asserted.

     SIGN HERE:_____

EXHIBIT

C

FOR                                    **MOHAWK MEDIA CONTACT**
IMMEDIATE                                    Juan P. Morillo, Esq.
RELEASE                                    Clifford Chance US LLP
[DATE]                                    2001 K Street, N.W.
                                        Washington, D.C. 20006
                                        Phone: (202) 912-5107


                                    **PLAINTIFFS' MEDIA CONTACT**
                                        Howard W. Foster
                                        Foster P.C.
                                        55 W. Wacker Dr.
                                        Chicago, IL 60601
                                        Phone (312)726-1600
                                        hfoster@fosterpc.com
                                        www.fosterpc.com


### JOINT PRESS RELEASE
### SETTLEMENT OF CLASS ACTION

CALHOUN, Ga. [DATE] – Mohawk Industries, Inc. (NYSE: MHK) ("Mohawk") and a proposed class of plaintiffs have reached a settlement agreement in a six-year old lawsuit that was filed in federal district court in Rome, Georgia in 2004 and heard by the U.S. Supreme Court in 2006.  The plaintiffs are legally-authorized, hourly-paid workers who alleged that their wages at Mohawk's facilities in Northwest Georgia were depressed by the hiring of illegal immigrants. The settlement entitles approximately 48,000 former and current hourly-paid Mohawk employees to claim awards from an $18 million settlement fund.  Mohawk is responsible for contributing a portion of the settlement funds, and the majority of the funds will be contributed by Zurich American Insurance Company, Mohawk's insurance carrier.  Mohawk has also agreed to conduct training regarding the verification of employment eligibility.

In commenting on the settlement agreement, Mohawk's attorney Juan Morillo said, "Mohawk is pleased to have reached a settlement that allows the company to put behind it the expense and distraction associated with this case."  In settling the case, Mohawk does not admit any of the plaintiffs' allegations of wrongdoing.  "Mohawk has always trained its employees to comply with the immigration and workplace laws, and this settlement affirms the company's commitment to a continued culture of compliance," Morillo commented.  "Mohawk has provided and continues to provide good jobs with great benefits to tens of thousands of workers in Georgia and elsewhere," said Morillo.

756338.1

Howard Foster of Foster P.C. in Chicago, Illinois, who argued the employees' case in the Supreme Court, said, "We consider this a hard-fought case and are pleased with the settlement for the class. The class will receive significant monetary relief and the Company has agreed to train its personnel regarding the verification of employment eligibility." Class Counsel John Floyd added, "This settlement would not be possible without the efforts of the of law firms that represented the plaintiffs, Bondurant, Mixson & Elmore, LLP; Cook & Connelly; Johnson & Bell, Ltd.; Foster PC; and Matthew D. Thames, Attorney-at-Law, LLC."

Foster noted the lengthy procedural history of the case, which included three years of litigation to resolve Mohawk's appeal of U.S. District Court Judge Harold L. Murphy's 2004 ruling that the plaintiffs stated a claim under the federal and Georgia RICO laws. After the U.S. Court of Appeals for the Eleventh Circuit affirmed that ruling, the U.S. Supreme Court heard the case in 2006. The Supreme Court ultimately returned the case to the Eleventh Circuit, which ruled that the plaintiffs could proceed in 2007.

The parties then undertook discovery on whether the case should be granted class action status. In 2008, Judge Murphy denied the plaintiffs' Motion for Class Certification, precluding the proposed class of employees from obtaining relief in this case. The Eleventh Circuit accepted the plaintiffs' request to review that decision, and in May 2009, vacated the decision denying class certification and sent the case back to Judge Murphy to reconsider the question of class certification. Settlement discussions occurred after the two sides agreed on a mediator. The parties reached agreement on the terms of a settlement in December 2009 at the federal courthouse in Rome, Georgia and then prepared a settlement agreement.

Judge Murphy will now be asked to preliminarily approve the settlement. Mohawk and Class Counsel are confident that that the settlement should be approved. Upon preliminary approval, notice of the settlement will be mailed to the class members, and the Court will then hold a hearing to consider final approval of the settlement.

WILLIAMS, et al. v. MOHAWK INDUSTRIES, INC.

United States District Court
Northern District of Georgia
Case No. 04-CV-3 (HLM)

First Amendment to the December 31, 2009 Settlement Agreement,

As of April 26, 2010.

As of December 31, 2009, Plaintiffs Bonnie Jones and Gale Pelfrey (Class Representatives"), Mohawk Industries, Inc. and Zurich American Insurance Co., (collectively the "Parties") entered into a Settlement Agreement to effect the full settlement of the action styled *Williams v. Mohawk Industries, Inc.*, No. 04-cv-3-HLM (N.D. Ga.), subject to the approval of the United States District Court for the Northern District of Georgia. All defined terms in the Settlement Agreement shall have the same meaning in this First Amendment to the December 31, 2009 Settlement Agreement as they have in the Settlement Agreement. Pursuant to Paragraph VI(L) of the Settlement Agreement, the Parties hereby agree to amend the Settlement Agreement as follows:

1.      Paragraph III(B)(1) of the Settlement Agreement shall be amended to delete that Paragraph in its entirety and replace it with the following new language of Paragraph III(B)(1):

> **1.      Class Service Awards**. Bonnie Jones and Gale Pelfrey, through their undersigned counsel, shall be entitled to apply to the Court for awards from the Settlement Fund of up to $25,000 each for their participation in the Action and their service to the Class; neither Mohawk nor Zurich shall oppose such applications. The duly authorized legal representatives of the estates of Shirley Williams and Lora Sisson may apply to the Court for awards from the Settlement Fund of up to $25,000 each for Shirley Williams' and Lora Sisson's participation in the Action and their service to the Class before their respective deaths. All awards set forth in this Paragraph III(B)(1) shall be referred to as the "Class Service Awards" and shall be paid from the Settlement Fund.

2.      Paragraph III(C)(7) of the Settlement Agreement shall be amended to delete the second sentence of Paragraph III(C)(7) and replace it with the following language:

Any person obtaining a Class Service Award shall also receive a Form 1099 for such an award.

3.    The Parties further agree to correct the Notice to conform to the Settlement Agreement as amended by this First Amendment to the Settlement Agreement.  The corrected Notice is attached hereto as Exhibit 1.

FOR THE CLASS:

John E. Floyd
Georgia Bar No. 266413
Joshua F. Thorpe
Georgia Bar No. 710665
Ronan P. Doherty
Georgia Bar No. 224885
Nicole G. Iannarone
Georgia Bar No. 382510
BONDURANT, MIXSON & ELMORE, LLP
3900 One Atlantic Center
1201 West Peachtree Street, N.W.
Atlanta, Georgia 30309

Bobby Lee Cook
Georgia Bar No. 183100
COOK & CONNELLY
9899 Commerce Street
Summerville, Georgia 30747

William Johnson
JOHNSON & BELL, LTD.
Suite 2700
33 West Monroe Street
Chicago, Illinois 60603

Howard Foster
Foster P.C.
55 W. Wacker Dr.
Suite 1400
Chicago, IL 60601

Matthew D. Thames
Georgia Bar No. 703130
Matthew D. Thames, Attorney-at-Law, LLC
1419 Chattanooga Ave.
P.O. Box 2203
Dalton, GA 30722-0399

762670.1

FOR MOHAWK INDUSTRIES, INC.:

Title: _VP + General Couns /_

FOR ZURICH AMERICAN INSURANCE CO.:

Title: Vice President Specialties
Claims

GAIL R. SIDER
Notary Public, State of New York
No. 24-4867118
Qualified in Kings County
Commission Expires July 14, 20 10

Exhibit 1
Corrected Class Notice

UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA, ROME DIVISION
*WILLIAMS v. MOHAWK INDUSTRIES, INC.*, NO. 04-CV-3-HLM
April 12, 2010

## NOTICE OF CLASS ACTION,
## PROPOSED SETTLEMENT AGREEMENT AND SETTLEMENT HEARING

TO:   ALL PERSONS LEGALLY AUTHORIZED TO BE EMPLOYED IN THE UNITED STATES WHO ARE OR HAVE BEEN EMPLOYED IN HOURLY POSITIONS BY MOHAWK INDUSTRIES, INC., ITS SUBSIDIARIES OR AFFILIATES IN GEORGIA AT ANY TIME FROM JANUARY 1, 1999 TO DECEMBER 31, 2009 (THE "CLASS PERIOD"), OTHER THAN AN EXCLUDED EMPLOYEE. (HEREINAFTER, "CLASS" OR "CLASS DEFINITION.")

AN EXCLUDED EMPLOYEE IS AN EMPLOYEE WHOSE EMPLOYMENT AT MOHAWK HAS BEEN LIMITED TO DAL-TILE, UNILIN, OR MOHAWK FACILITIES IN MILLEDGEVILLE, DUBLIN, TIFTON, NORCROSS, KENNESAW, OR ATLANTA, GEORGIA.

***PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY. YOUR RIGHTS WILL BE AFFECTED BY PROCEEDINGS IN THIS LAWSUIT.***

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure and the April 12, 2010 Order of this Court, that (1) the Class Representatives preliminarily certified by the Court, on behalf of the Class, (2) Mohawk Industries, Inc. ("Mohawk"), and (3) Zurich American Insurance Co. ("Zurich") have entered into a Settlement Agreement dated as of December 31, 2009 ("Settlement Agreement") resolving the class-wide claims in this case.

A hearing (the "Settlement Hearing") will be held before the Honorable Harold L. Murphy of the United States District Court for the Northern District of Georgia (the "Court" or "District Court") to determine whether the terms of the proposed Settlement Agreement are fair, reasonable and adequate and should be approved and whether final judgment should be entered. The Settlement Hearing will be held on July 22, 2010, at the United States Courthouse, 600 East First Street, Rome, Georgia 30161. **You are permitted but not required to attend the Settlement Hearing.**

This Notice summarizes the key provisions of the Settlement Agreement. **Please pay particular attention to Parts IV, V and VI of the Notice, which describe what you need to do to receive a monetary award, the procedures you must follow if you choose to opt out of the Class or object to the Settlement Agreement, and deadlines under the Settlement Agreement.**

## I.   NATURE OF THE ACTION AND BACKGROUND OF SETTLEMENT

Plaintiffs filed the complaint in this case more than six years ago, on January 6, 2004. In the complaint, Plaintiffs sought to represent a class and asserted claims that Mohawk had violated the federal Racketeer Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. § 1961 *et seq.*, and the Georgia RICO Act, O.C.G.A. § 16-14-1 *et seq.*, by violating federal laws relating to the hiring and harboring of unauthorized aliens and the use of certain documents (including 8 U.S.C. §§ 1324(a)(3), 1324(a)(1)(A)(iii) & (iv) and 18 U.S.C. §§ 1546(a) & (b)). Plaintiffs also asserted unjust enrichment claims relating to alleged workers' compensation and wages savings. Mohawk filed an Answer denying that it had engaged in the conduct alleged and denying liability.

On February 9, 2004, Mohawk filed a motion to dismiss the case. The District Court denied that motion as to the federal and Georgia RICO claims and granted it as to the unjust enrichment claims related to workers' compensation. The District Court permitted Mohawk to seek leave to appeal to the United States Court of Appeals for the Eleventh Circuit (the "Eleventh Circuit"), noting that the Seventh Circuit had rejected federal RICO claims similar to those brought by Plaintiffs. The District Court stayed all discovery pending appellate proceedings.

The Eleventh Circuit exercised its discretion to accept Mohawk's appeal. On June 9, 2005, the Eleventh Circuit affirmed the District Court's ruling on the motion to dismiss, except that it held that the District Court should have dismissed Plaintiffs' unjust enrichment claims relating to wages as well as workers' compensation savings. Mohawk then petitioned the United States Supreme Court to review the Eleventh Circuit's ruling. The Supreme Court granted that petition and heard oral argument on April 26, 2006. On June 5, 2006, the Supreme Court remanded the case to the Eleventh Circuit for further consideration in light of an intervening federal RICO decision. On September 27, 2006, the Eleventh Circuit affirmed the denial of Mohawk's motion to dismiss the federal and Georgia RICO claims and ruled that all unjust enrichment claims should be dismissed.

In March 2007, the discovery process began. Discovery proceeded in accordance with a March 16, 2004 Scheduling Order limiting the first phase of discovery to whether or not class certification was appropriate. Plaintiffs, through Class Counsel, served interrogatories, document requests, and requests for admission to Mohawk and also sought discovery from third parties. Mohawk produced approximately one million pages of documents and approximately 20 million database records. Class Counsel took thirteen depositions, including depositions of Mohawk and depositions of temporary employment agencies that contracted with Mohawk. Class Counsel also engaged two expert witnesses to testify as to the viability of proving the impact of the conduct alleged in the complaint on a class-wide basis.

On December 18, 2007, Plaintiffs filed a motion for certification of the Class. On March 3, 2008, the District Court denied the motion, ruling that the commonality, typicality, predominance and superiority requirements for class certification under Federal Rule of Civil Procedure 23 had not been satisfied. Plaintiffs sought and obtained permission to appeal to the Eleventh Circuit, and the District Court entered a stay of the case.

On May 28, 2009, the Eleventh Circuit vacated the District Court's denial of Plaintiffs motion for class certification and remanded for the District Court to assess whether common issues predominate over individual issues and whether a class action is superior to other forms of relief under Rule 23(b)(3).

On July 10, 2009, Plaintiffs and Mohawk reported to the District Court that they had agreed to mediation. Counsel for the Class, Mohawk and Zurich met for a mediation session in August 2009, and continued settlement negotiations thereafter, including via the mediator. On November 16, 2009, the District Court ordered Plaintiffs, Mohawk, Zurich and the mediator to attend a December 2, 2009 status conference at the Courthouse at which the issue of settlement would be addressed. At a mediation session conducted at the Courthouse on that date, Plaintiffs, Mohawk, and Zurich agreed to a settlement. The Settlement Agreement reflects the terms to which Plaintiffs, Mohawk and Zurich have agreed. The Court preliminarily approved the Settlement Agreement on April 12, 2010, and directed that this Notice be sent to the Class Members.

## II. THE CLASS, CLASS REPRESENTATIVES AND CLASS COUNSEL

For purposes of settlement, the Court has preliminarily certified the Class defined above; certified Plaintiffs Bonnie Jones and Gale Pelfrey as "Class Representatives"; and certified Bondurant, Mixson & Elmore, LLP, Cook & Connelly, Johnson & Bell, Ltd., Foster PC, and Matthew D. Thames, Attorney-at-Law, LLC as "Class Counsel."

Class Counsel have concluded that settling the case under the terms of the Settlement Agreement is in the best interests of the Class. This conclusion is based on factors including the substantial benefits the Settlement Agreement confers upon the Class; the uncertainties of outcome in this complex case; and the time and expense necessary to prosecute the case through trial and appeal, including the prospect of years of additional litigation.

Mohawk has reviewed the claims in detail, and it has denied any wrongdoing or liability in this matter. Nevertheless, Mohawk agrees that this case should be dismissed under the terms of the Settlement Agreement to avoid further expense and burdensome litigation.

## III.  SUMMARY OF RELIEF

**A.**     **Monetary Relief.** Mohawk and Zurich have agreed to establish a Settlement Fund of $18 million. Subject to Court approval, Class Service Awards, an Administration, Withholding, Expense and Fee Award, and if necessary, a Supplemental Settlement Administration Payment, will be paid out of the Settlement Fund. The remainder of the Settlement Fund will be divided into a Wages Fund and Non-Wages Fund from which Class Members may, by complying with the Settlement Agreement, obtain monetary awards. The Non-Wages Fund is established to resolve Class Members' claims for treble damages. Mohawk and Zurich have already placed $12 million in an interest-bearing account, with the interest going to pay part of the costs of settlement administration. Zurich will place additional funds in the account as necessary under the Settlement Agreement.

**1.  The Wages Fund and the Non-Wages Fund**. The Wages Fund and Non-Wages Fund shall be distributed as follows:  Mohawk has provided a Claims Administrator selected by Class Counsel with information reflecting (i) the total number of days of service (not excluding weekends and holidays) for all hourly employees who worked in jobs at the facilities falling within the Class Definition during the Class Period ("Total Class Service"); and (ii) the number of days of service (not excluding weekends and holidays) for each hourly employee in jobs at the facilities falling within the Class Definition during the Class Period ("Individual Class Member Service").

**Base Awards.** Each Class Member will be allocated a "Base Award" as follows:  Class Members whose Individual Class Member Service is from 1-29 days will be allocated a Base Award of $25; Class Members whose Individual Class Member Service is from 30-90 days will be allocated a Base Award of $75; and Class Members whose Individual Class Member Service exceeds 90 days will be allocated a Base Award of $150. For each Class Member, 1/3 of the Class Member's Base Award will be allocated from the Wages Fund ("Base Wages Fund Award") and 2/3 of the Class Member's Base Award will be allocated from the Non-Wages Fund ("Base Non-Wages Fund Award").

**Additional Awards**. Each Class Member will also be allocated an "Additional Award" as follows:  For each Class Member, the Claims Administrator will determine the percentage of the Total Class Service represented by the Individual Class Member Service ("the Individual Class Member Percentage"); the Claims Administrator will multiply each Class Member's Individual Class Member Percentage by the amount of the Wages Fund that exceeds the total amount of all Base Wages Fund Awards to generate an "Additional Wages Fund Award" for each Class Member; and the Claims Administrator will multiply each Class Member's Individual Class Member Percentage by the amount of the Non-Wages Fund that exceeds the total amount of all Base Non-Wages Fund Awards to generate an "Additional Non-Wages Fund Award" for each Class Member. The Claims Administrator will add each Class Member's Base Wages Fund Award and Additional Wages Fund Award to calculate an "Individual Wages Fund Award." The Claims Administrator will add each Class Member's Base Non-Wages Fund Award and Additional Non-Wages Fund Award to calculate an "Individual Non-Wages Fund Award."  The data provided to the Claims Administrator by Mohawk shall be conclusive for purposes of the award calculations.

The precise amount of the individual awards cannot be calculated until after the Court determines the amount of the Class Service Awards and Administration, Withholding, Expense and Fee Award.

The Claims Administrator will withhold from the Individual Wages Fund Awards all employee obligations for required withholdings and will remit and report those obligations as required by law. The Claims Administrator will, if possible, include in the mailings containing the Individual Wages Fund Awards and Individual Non-Wages Fund Awards any tax documents that are required in connection with those awards. Class members should consult their tax advisors in connection with this Settlement Agreement as the Class Representatives, Class Counsel, Mohawk and Zurich make no representations regarding and have no responsibility for the tax treatment of any aspect of the Settlement Agreement. The Claims Administrator will also remit to the appropriate authorities the employer's withholding obligations (including but not limited to FICA and FUTA taxes and any state unemployment contributions) required to be paid on the Class Member's Individual Wages Fund Awards ("Employer Withholding Obligations").

If any issue is raised by any party, any Class Member or any person claiming to be a Class Member as to an individual's membership in the Class, an individual's timely return of a Claim Form and Release, the sufficiency or validity of a Claim Form and Release, the calculation of a Class Member's Individual Class Member Service or Individual Class Member Percentage, the amount of a Class Member's Individual Wages Fund Award or Individual Non-Wages Fund Award, or the Class Member's eligibility for such an award, counsel for the Parties and Zurich shall confer. If counsel are unable to resolve the issue, the issue will be resolved by the Claims Administrator, whose decision shall be final, binding, and non-appealable.

**2. Class Service Awards.** The two Class Representatives as well as the representatives of the estates of Shirley Williams and Lora Sisson may apply for awards, which must be approved by the Court, from the Settlement Fund of up to $25,000 each for their participation in the Action and service to the Class. Class Counsel state that, throughout the more than six years this case has been pending, the Class Representatives have provided valuable services to the Class and assistance to Class Counsel. The Class Representatives subjected themselves to the risks, costs, and loss of privacy attendant to their status as litigants and underwent discovery procedures, including document requests, interrogatories and depositions.

**3. Supplemental Settlement Administration Payment.** If the combined costs of settlement administration and the Employer Withholding Obligations exceed $500,000, the portion of such costs that exceeds $500,000 shall be paid out of the Settlement Fund.

**4. Administration, Withholding, Expense and Fee Award.** Class Counsel will apply to the Court for an award(s) from the Settlement Fund of up to a total of $6,000,000 to cover the costs of (1) settlement administration, (2) the Employer Withholding Obligations, (3) reimbursement of expenses advanced and incurred by Class Counsel in prosecuting this case (including expert witness fees and expenses), and (4) payment of attorneys' fees. Class Counsel estimate that the costs of settlement administration will be $285,000 or more and that they incurred approximately $365,000 in expenses through December 31, 2009, and will incur certain additional expenses before the Settlement Hearing. The Court will review, approve and determine the amount of the Administration, Withholding, Expense and Fee Award.

**5. Residual.** In the event that there is any residual in the Settlement Fund after the distributions required by this Settlement Agreement are completed, that residual shall revert to and be the sole property of Zurich.

**B. Training and Compliance.** For two years after the Effective Date, Mohawk shall (1) conduct annual training regarding federal and Georgia laws relating to the verification of employment eligibility for all personnel with regular responsibility for verifying employment eligibility for employees being hired to work at the Mohawk facilities included within the Class Definition; and (2) maintain a telephone number to which

callers may anonymously report alleged violations of federal and Georgia laws relating to the verification of employment eligibility at the Mohawk facilities included within the Class Definition.

     **C.**    **Termination Option.** Each individual to whom the Claims Administrator mails a Notice is designated a "Potential Claimant." In the event that the number of timely and valid claims filed by Potential Claimants is greater than fifty percent of the total number of Potential Claimants, then Zurich shall have the right, but not the obligation, to terminate this Settlement Agreement. If Zurich chooses to exercise this option, it must do so in writing, with notice to the Court, Class Counsel and Mohawk within ten business days of receiving the Claims Administrator's report as to the total number of timely, valid Claim Forms and Releases the Claims Administrator received. If Zurich exercises this option, then the Settlement Agreement shall be null and void, and the Parties shall return to the positions they occupied prior to entering into this Settlement Agreement, and Zurich shall pay all costs of settlement administration.

     **D.**    **Class Member Release.**

     1. Upon the Effective Date, each Class Member who has not opted out of the Class remises, releases, acquits, waives and forever discharges the Mohawk Released Parties of and from any and all manner of actions, causes of action, suits, debts, judgments, rights, demands, damages, compensation, injuries to business, loss of service, expenses, attorneys' fees, litigation costs, other costs, rights or claims for reimbursement of attorneys fees, and claims of any kind or nature whatsoever, in law or equity, under any theory of common law or under any federal, state, or local law, statute, regulation, ordinance, or executive order that the Class Member ever had, whether directly or indirectly, that occurred from the beginning of time through December 31, 2009, WHETHER HERETOFORE OR HEREAFTER ACCRUING, WHETHER FORESEEN OR UNFORESEEN, OR WHETHER KNOWN OR UNKNOWN TO ALL OR ANY OF THE PARTIES (i) for wage depression or benefits depression that were or could have been asserted against Mohawk based on the facts alleged in this Action; (ii) that arise out of allegations that Mohawk, or any temporary agency, contract labor firm, or recruiter retained or used by Mohawk caused any class-wide economic injury through the hiring, employment, use (including but not limited to use on a temporary basis or contract labor basis), preference for or payment of illegal aliens, undocumented workers, or Hispanic or Latino workers; (iii) that arise out of the immigration or immigration-related laws, rules, and regulations of the United States, any state (or subdivision thereof), or any municipality; (iv) that relate to compensation or benefits and arise under the antitrust, information sharing, or price-fixing laws, rules, and regulations of the United States, any state (or subdivision thereof), or any municipality; or (v) that relate to the exchange of compensation or benefits information or the fixing with other parties of compensation or benefits and arise under the unfair competition or unfair business practices laws, rules, and regulations of the United States, any state (or subdivision thereof), or any municipality (collectively, the "Released Claims").

     2. Upon the Effective Date, each of the Class Members who has not opted out of the Class fully, finally, and forever release and discharge, and shall be forever enjoined from prosecuting, all Released Claims against the Mohawk Released Parties.

     3. "Mohawk Released Parties" means and includes Mohawk Industries, Inc.'s past, present and future parent corporation(s), wholly and majority-owned company(ies), past, present and future affiliates, subsidiaries, divisions, joint ventures, predecessors, successors, successors-in-interest, and assigns; and all of these entities' employee benefit plans, fiduciaries, administrators, wage or benefit consultants, officers, directors, managers, employees, and attorneys.

     4. Each Class Member who does not opt out of the Class hereby stipulates and agrees, with respect to any and all Released Claims only, that, on the Effective Date, the Class Member shall be conclusively deemed to, and by operation of the final judgment shall, waive and relinquish any and all rights or benefits they

may now have, or in the future may have, under any law relating to the release of unknown claims, including without limitation, Section 1542 of the California Civil Code, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

Also, the Class Members who have not opted out, with respect to the Released Claims only, shall, upon the Effective Date, waive any and all provisions, rights, and benefits conferred by any law, or any State or territory of the United States or any foreign country, or any principle of common law, which is similar, comparable, or equivalent in substance to Section 1542 of the California Civil Code.

       5. This release applies to each and every Class Member who does not timely opt out of the Class, regardless of whether the Class Member receives any monetary award pursuant to this Settlement Agreement.

       6. To obtain any monetary award in this case, each member of the Class will be required to execute a Claim Form and Release that releases the Mohawk Released Parties from any and all Released Claims.

       7. "Effective Date" means the first date by which all of the following have occurred: (1) the Court has entered an Order granting final approval of the Settlement Agreement; (2) the Court has entered a final Judgment incorporating the Settlement Agreement and dismissing the Action with prejudice, with continuing jurisdiction limited to enforcing the Settlement Agreement; (3) the time for appeal has either run without an appeal having been filed or any appeal (including any requests for rehearing en banc or petitions for certiorari or appellate review) has been finally resolved; and (4) the Court has awarded expenses and attorneys' fees to Class Counsel.

## IV. WHAT YOU NEED TO DO TO RECEIVE YOUR AWARD

       **To receive a monetary award under the Settlement Agreement**, that is, to recover your Individual Wages Fund Award and Individual Non-Wages Fund Award, **you must mail a complete Claim Form and Release to the Claims Administrator that is postmarked by August 9, 2010. If you do not mail a complete Claim Form and Release to the Claims Administrator that is postmarked by August 9, 2010, you will not receive any monetary award under this Settlement Agreement and will be deemed to have waived your right to do so.**

       **You must provide all information requested by the Claim Form and Release, including providing a copy of one of the documents listed in Section 6 of that form.** This means that you must provide your name and address, social security number, place and date of birth, a sworn statement that you were legally authorized to be employed in the United States when you were employed by Mohawk and a copy of one of the documents listed in Section 6 of the form. By executing the Claim Form and Release, as discussed above, you will be giving up any Released Claims you have against Mohawk Released Parties, known or unknown, existing prior to December 31, 2009.

       **If the Court grants final approval of the Settlement Agreement, the judgment in this case will dismiss all claims in the case with prejudice and will bind <u>all</u> Class Members who do not request exclusion from the Class, whether or not those Class Members return Claim Forms and Releases.**

## V. YOUR RIGHT TO OPT OUT OR OBJECT TO THIS SETTLEMENT

You may opt out of the Class, which will mean giving up your right to obtain any monetary award from the Settlement Agreement, by following the procedure set forth below. **Class Members who opt out of the Class will not obtain any money from the Wages Fund, the Non-Wages Fund, or this Settlement Agreement.** If you choose to opt out of the Class, you will be free to pursue any claims that you have under applicable law resulting from your employment at Mohawk, and Mohawk will be free to raise any defenses it has to your claims.

**Procedure for Opting Out.** If you want to opt out of the Class, you must mail to the following address a written, signed and dated statement that you are opting out of the Class and that you understand that you will receive no money from the settlement of this Action:

**Mohawk Class Action Litigation**
c/o Claims Administrator
Post Office Box 10110
Tallahassee, FL 32302-2110

**To be effective, your opt out statement must be received by the Claims Administrator no later than June 25, 2010.** If you submit a timely and valid opt out statement, the Court will exclude you from the Class, and the judgment in this Action and the release in the Settlement Agreement will not apply to you.

**You cannot both opt out of the Class and object to the Settlement Agreement.** If you attempt both to opt out and to object, you will be deemed to have opted out and not objected. **You cannot both opt out of the Class and seek a monetary award under the Settlement Agreement.** If you attempt both to opt out and file a Claim Form and Release, you will be deemed to have opted out.

**Procedure for Objecting.** Any Class Member may, by following the procedures set forth below, object to the Settlement Agreement. **To object to the Settlement Agreement, a Class Member must mail to the Court, Class Counsel, Mohawk's Counsel and Zurich's Counsel, at the addresses listed below: (1) a written and dated objection containing a detailed description of the basis for the objection and any supporting papers or briefs and (2) proof of membership in the Class. To be effective, any objection must be received by the Court, Class Counsel, Mohawk's Counsel and Zurich's Counsel no later than June 25, 2010.**

| | |
|---|---|
| **Court** | **Class Counsel** |
| Office of the Clerk | Howard Foster, Esq. |
| United States Courthouse | Foster P.C. |
| 600 East First Street | 55 W. Wacker Dr. |
| Rome, GA 30161 | Suite 1400 |
| Attn: Mohawk Class Action | Chicago, IL 60601 |
| | |
| **Mohawk's Counsel** | **Zurich's Counsel** |
| Juan P. Morillo, Esq. | Julie D. Larsen, Esq. |
| Clifford Chance US LLP | Kutak Rock LLP |
| 2001 K Street NW | 18201 Von Karman Ave. |
| Washington, DC 20006 | Irvine, CA 92612 |

**Any Class Member who does not object to the Settlement Agreement in the manner provided above and in full compliance with the Settlement Agreement shall be deemed to have waived any**

objection and will forever be barred from objecting to the Settlement Agreement. The Parties to the Settlement Agreement may conduct discovery of objectors.

Any Class Member may appear at the Settlement Hearing, in person or through counsel, and be heard as to why the proposed Settlement Agreement should or should not be approved and why judgment should or should not be entered. No Class Member may appear at the Settlement Hearing and object to the Settlement Agreement, however, if he or she has not followed the procedures for objecting described above. Further, in order to appear at the Settlement Hearing, a Class Member and his or her counsel must provide the Court, Class Counsel, Mohawk's Counsel and Zurich's Counsel with written notice of their intention to appear no later than ten (10) days before the Settlement Hearing. Class Members and counsel who fail to provide such notice will not be permitted to appear at the Settlement Hearing. Class Members may enter an appearance in this Action through counsel if they so desire.

## VI. WHAT HAPPENS NEXT

By **June 25, 2010**, (1) Class Members who wish to opt out must ensure that the Claims Administrator has received an opt out statement in compliance with the requirements of Part V of this Notice; and (2) Class Members who wish to object to this Settlement Agreement must ensure that the Court, Class Counsel, Mohawk's Counsel and Zurich's Counsel have received objections in compliance with the requirements of Part V of this Notice.

On **July 22, 2010**, the Court will conduct a Settlement Hearing to evaluate the fairness, adequacy and reasonableness of the Settlement Agreement.

By **August 9, 2010**, any Class Member who wishes to obtain individual monetary awards under the Settlement Agreement must have mailed a valid Claim Form and Release to the Claims Administrator in compliance with the procedures set forth in Part IV of this Notice.

If the Court grants final approval of the Settlement Agreement, the Court's order and judgment granting final approval are not appealed, and the Court has set the amount of the Administration, Withholding, Expense and Fee Award, the Settlement Agreement will become final and binding thirty days after entry of judgment.

Within twenty (20) days after the Settlement Agreement becomes final and binding, the Claims Administrator will mail award checks to Class Members who have submitted timely and valid Claim Forms and Releases. **If your mailing address changes before you receive your final monetary award, please notify the Claims Administrator in writing at the address listed in Part IV of this Notice.**

## VII. HOW TO OBTAIN ADDITIONAL INFORMATION

This Notice only summarizes the case and the Settlement Agreement; it does not purport to be all-encompassing. For more information, you may go to www.williamslawsuit.com or call the following toll-free number: 877-801-6574. You may also consult the pleadings, the complete Settlement Agreement and other papers filed in the case, which are available for inspection at the Office of the Clerk, United States Courthouse, 600 East First Street, Rome, Georgia 30161 or on the PACER system. **Specific inquiries should not be directed to the Clerk's Office or the Court, however.** All written inquiries by Class Members to Class Counsel should be sent to the address for Class Counsel listed in Part V of this Notice.

762881.1