IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JONATHAN AMADOR ACEVEDO, MITCHELL BRATTON, JEREMY BUSSE, STEPHEN PULLUM, ERIC MIGDOL, and JOSE GONZALEZ, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br>v.<br><br>BRIGHTVIEW LANDSCAPES, LLC (F/K/A THE BRICKMAN GROUP LTD. LLC)<br><br>        Defendant. | Civil Action No. 3:13-CV-02529 |

**DECLARATION OF KELLY KRATZ ON BEHALF OF DAHL ADMINISTRATION, LLC DESCRIBING A NET CHECK CALCULATION ERROR THAT PRODUCED INCORRECT PAYMENT AMOUNTS THAT WERE DISTRIBUTED TO CLASS MEMBERS AND REMEDIAL MEASURES INTENDED TO CORRECT THE RESULTS OF THE ERROR**

I, Kelly Kratz, hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct:

1. I am a Principal at Dahl Administration, LLC ("Dahl"), which is a nationally-recognized firm that provides notice and claims administration services for employment, product liability, insurance, fraud, and property class action cases. I have experience in all areas of class action settlement administration including notification, claims processing and distribution.

2. Dahl is the Court-appointed Settlement Administrator in the above-captioned litigation and is responsible for carrying out the terms of the *Amended Settlement Agreement and Release* ("Settlement Agreement") as set forth by the Court in its *Order Granting Preliminary Approval* dated March 21, 2017. I am responsible for supervising all services provided by Dahl with respect to this settlement. I have personal knowledge of the facts stated herein and could competently testify to them if requested to do so by the Court. I previously submitted on July 10, 2017 the Declaration of Kelly Kratz on Behalf of Dahl Administration, LLC Regarding Notice and Settlement Administration Activities Completed as of June 30, 2017 ("Notice and Settlement Activities Declaration").

3. I submit this Declaration to inform the parties and the Court of error made by Dahl in the calculation of class member payment amounts as well as the remedial measures Dahl has taken and will take in the future to communicate with class members and distribute payments in the correct amounts. Specifically, this Declaration includes: (a) a description of the nature and magnitude of the net check calculation error that caused checks to be issued in incorrect amounts; (b) a description of how the error was initially identified and of the initial reporting of the error by Dahl to counsel; (c) a listing of the remediation measures taken by Dahl with regard to class members as of the date of this Declaration; (d) a listing of additional measures taken by Dahl at the request of counsel; and (e) a description of future remediation measures that will be undertaken by Dahl.

A. **NATURE AND MAGNATUDE OF THE NET CHECK CALCULATION ERROR**

4. The gross award calculations contained in the final estimated proposed accounting that were filed with the Court as Exhibit C to my Notice and Settlement Activities Declaration were correct. However, that data was incorrectly loaded into Dahl's information systems such that penalties and interest portion of each class member's Settlement Payment amount was included twice in each class member's net check. As a result of this error, for Group 1, the total payment amount of checks mailed (net of taxes) should have been $1,675,496.25 while the total payment amount of checks mailed (net of taxes) was actually $2,658,368.98. For Group 2, the total payment amount of checks mailed (net of taxes) should have been $784,017.90, while the total payment amount of checks mailed (net of taxes) was actually $1,245,717.09.

B. **ERROR IDENTIFICATION AND INITIAL COMMUNICATION TO COUNSEL**

5. I learned of this overpayment error after a class member contacted a member of Dahl's phone support via the Settlement toll-free number to inquire about a discrepancy in the amount of their check. At approximately 1:00 p.m. CST on November 27, 2107, the Accounting Department at Dahl stopped payment on all of the checks that had not yet been deposited before Dahl received consent of counsel to do so. Of the 839 checks issued and mailed, 58 checks in a total amount (net of

3

taxes) of $282,665.44 were deposited before the checks were cancelled. The total correct payment amount (net of taxes) for those 58 checks should have been $177,869.87.

6. Under my direction, Dahl Project Manager Jeanna Artig notified Class Counsel and Counsel for Defendant of the error in an email sent at 11:43 a.m. Central Time on Monday, November 27, 2017. Counsel and Dahl staff held a conference call at approximately 12:15 p.m. CST the same day to discuss options on how to remediate the error. Counsel requested on the call that Dahl email to counsel proposed remediation steps to provide corrected payments to class members and to cover any fees and expenses incurred by class members who attempted to deposit Settlement Payment checks that had been cancelled.

## C. ACTUAL REMEDIATION STEPS TAKEN AS OF THE DATE OF THIS DECLARATION WITH RESPECT TO CLASS MEMBERS

7. The homepage of the Settlement website (www.AmadorvBrickmanSettlement.com) was updated on November 29, 2017 at approximately 12:15 p.m. to add an alert stating that:

- Dahl made a net check calculation error that resulted in class members receiving checks in incorrect amounts;
- a stop payment has been issued on the incorrect checks;
- a corrected check would be issued and sent by overnight delivery;

4

- class members with questions could call Dahl's telephone information line dedicated to resolve issues related to this corrected check process;

- class members who were charged any fees or out-of-pocket expenses due to the cancelling of an issued check could request reimbursement from Dahl by telephone, by email, or through an online form on the Settlement website; and

- class members would not be required to submit proof to receive reimbursement amounts less than $100.

A true and correct screen capture of the alert now appearing at the top of the Settlement website homepage is attached as Exhibit 1.

8. On November 29, 2017 at approximately 12:25 p.m. CST Dahl sent an email "Notice of Overpayment" to all class members for whom the class data included an email address. This emailed notice included the same information that was added to the alert on the Settlement website and is summarized in Paragraph 7 above. In addition, this email notice also stated that:

- the corrected checks must be cashed or otherwise negotiated by May 29, 2018;

- any corrected checks not cashed or otherwise negotiated by May 29, 2018 would be void;

- neither Dahl nor plaintiff's counsel can provide tax advice and that class members with questions about tax consequences of their Settlement Payment should contact a tax advisor; and

- Dahl apologized for any inconvenience that the payment error may have caused to class members.

The true and correct contents of the emailed Notice of Overpayment are attached as Exhibit 2.

9. On November 29, 2017, Dahl provisioned a dedicated toll-free telephone number for class members who have questions or want assistance with next steps including reimbursement of fees assessed due to the cancellation of the original check.

10. On November 29, 2017, Dahl created an online Check Fee Reimbursement form on the Settlement website for class members to request reimbursement of any fees assessed due to the cancellation of the original check.

11. On November 29, 2017, Dahl staff sent by FedEx overnight delivery checks in corrected check amounts to all 781 class members who had not already deposited their Settlement Payment checks. These corrected checks were in the exact amounts approved by the Court. The corrected checks were accompanied by a notice letter identical in substance to the contents of the Notice of Payment email summarized in Paragraph 8 above. A true and correct copy of the letter that accompanied the corrected checks is attached as Exhibit 3.

**D.     OTHER MEASURES TAKEN AT THE REQUEST OF COUNSEL**

12.     On November 28, 2017, at the request of counsel in this litigation, Dahl formally notified the carrier on Dahl's Professional Liability insurance policy of a potential claim related to the error made by Dahl in this matter.

13.     On November 28, 2017, at the request of Class Counsel and counsel for Defendant, Dahl agreed to indemnify Class Counsel and Defendant Brightview Landscapes, LLC ("Brightview") to the extent that any class member asserts a claim against Class Counsel or Brightview relating to the error made by Dahl in this matter.

**E.     FUTURE MEASURES THAT WILL BE TAKEN BY DAHL TO REMEDIATE THE EFFECTS OF THE PAYMENT ERROR**

14.     Dahl will pay from Dahl's own funds any costs or expenses related to the issuing and distribution of corrected checks, any overpayment amounts received by class members who successfully negotiated incorrect Settlement Payment checks before the checks were cancelled, communications with class members related to the error and the corrected checks, and providing compensation to class members for any fees or out-of-pocket expenses due to the cancelling of an issued check.  None of the overpaid amounts received and successfully negotiated by class members will be paid from the qualified settlement fund account that holds the Settlement Funds.  These amounts will be paid from Dahl's own funds.

15. Dahl is staffing and will continue to staff the dedicated telephone line to answer questions and receive claims for incurred fees and out-of-pocket expenses.

16. If, after the settlement check correction process has been completed, Class Counsel and counsel for Defendant present Dahl with an accounting of their attorneys' fees directly related to the issue of incorrect Settlement Payment checks, Dahl will negotiate with counsel regarding potential reimbursement by Dahl of those fees incurred.

Dated: December 5, 2017

_____
Kelly Kratz
Principal
Dahl Administration, LLC

# EXHIBIT 1

# Welcome to the Amador v. The Brickman Group Settlement Website

It has been discovered that Dahl Administration ("Dahl"), the settlement administrator for the Amador v Brickman Group overtime case settlement, made an error in the calculation of your settlement award. The error resulted in class members receiving a check for an incorrect amount that was greater than they should have received pursuant to the terms of the settlement agreement and the Court's Order approving the settlement. A stop payment has been placed on the incorrect check that Dahl mailed to you on November 20, 2017, and your corrected check is being shipped to you on November 29, 2017 by overnight delivery.

For any questions related to this issue please call Dahl's dedicated hotline at 866-236-6192 which we have staffed with personnel to handle your calls related to this corrected check process. Please do not contact the attorneys for the parties - they have retained Dahl to handle this process.

If you have been charged any fees or out-of-pocket costs or expenses due to the cancelled check previously issued to you, you may request reimbursement by calling Dahl's dedicated hotline, or by submitting your request online directly to Dahl through the following email address: info@AmadorvBrickmanSettlement.com or if you are unable to email, by submitting your request online directly to Dahl using the Check Fee Reimbursement link on the left of this page. You will not be required to submit proof of reimbursement of amounts less than $100.

# EXHIBIT 2

FROM: Brickman Overtime Settlement Administrator
SENT: November 29, 2017
TO: «Email»
SUBJECT: Notice of Overpayment

This notice is for: «ClaimantName»
Claimant ID: «ClaimantDahlID»

RE:  *Jonathan Amador Acevedo v. Brightview Landscapes, LLC (f/k/a The Brickman Group Ltd., LLC.)*, United States District Court for the Middle District of Pennsylvania, Case No. 3:13-CV-02529

Dear Participating Settlement Class Member:

It has been discovered that Dahl Administration ("Dahl"), the settlement administrator retained to administer the *Amador v Brickman Group* overtime case settlement, made an error in the calculation of your settlement award. The error resulted in participating settlement class members receiving a check for an incorrect amount that was greater than they should have received pursuant to the terms of the settlement agreement and the Court's Order approving the settlement. A stop payment has been placed on the incorrect check that Dahl mailed to you on November 20, 2017, and your corrected check is being shipped to you on November 29, 2017 by overnight delivery. The check being sent to you on November 29, 2017 was calculated correctly pursuant to the terms of the settlement agreement and the Court's Order approving the settlement.

The corrected check must be cashed or otherwise negotiated on or before May 29, 2018. If you fail to cash or otherwise negotiate your check by May 29, 2018, under the settlement agreement and the Court's Order approving the settlement, you will not receive any payment and the check will be void.

The Claims Administrator and plaintiffs' counsel cannot provide tax advice. We suggest that you contact a tax advisor regarding your Settlement Payment and the tax consequences related to these proceeds.

If you have been charged any banking-related fees (for canceled check not honored, overdraft fees, etc.) or other fees because the incorrect check was canceled and replaced with the corrected check, you may request reimbursement by calling Dahl's dedicated hotline number (866-236-6192) or by submitting your request online directly to Dahl through the following email address: info@AmadorvBrickmanSettlement.com, or if you are unable to email, by submitting your request online directly to Dahl using the case settlement website: www.AmadorvBrickmanSettlement.com. You will not be required to submit proof of reimbursement amounts less than $100.

For any questions related to this issue please call Dahl's dedicated hotline number (866-236-6192) which we have staffed with personnel to handle your calls related to this corrected check process. Please do not contact the attorneys for the parties - they have retained Dahl to handle this process.

We apologize for any inconvenience this inadvertent error by Dahl may have caused you.

# EXHIBIT 3

Amador v. Brickman Overtime Settlement<br>
c/o Dahl Administration LLC<br>
P.O. Box 3614<br>
Minneapolis, MN 55403-0614<br>
Telephone: 866-236-6192

November 29, 2017

RE: *Jonathan Amador Acevedo v. Brightview Landscapes, LLC (f/k/a The Brickman Group Ltd., LLC.), United States District Court for the Middle District of Pennsylvania, Case No. 3:13-CV-02529*

Dear Participating Settlement Class Member:

It has been discovered that Dahl Administration ("Dahl"), the settlement administrator retained to administer the *Amador v Brickman Group* overtime case settlement, made an error in the calculation of your settlement award. The error resulted in participating settlement class members receiving a check for an incorrect amount that was greater than they should have received pursuant to the terms of the settlement agreement and the Court's Order approving the settlement. A stop payment has been placed on the incorrect check that Dahl mailed to you on November 20, 2017, and your corrected check is enclosed with this letter. The check included with this letter was calculated correctly pursuant to the terms of the settlement agreement and the Court's Order approving the settlement.

The attached check must be cashed or otherwise negotiated on or before May 29, 2018. If you fail to cash or otherwise negotiate your check by May 29, 2018, under the settlement agreement and the Court's Order approving the settlement, you will not receive any payment and the check will be void.

The Claims Administrator and plaintiffs' counsel cannot provide tax advice. We suggest that you contact a tax advisor regarding your Settlement Payment and the tax consequences related to these proceeds.

If you have been charged any banking-related fees (for canceled check not honored, overdraft fees, etc.) or other fees because the incorrect check was canceled and replaced with the enclosed check, you may request reimbursement by calling Dahl's dedicated hotline number (866-236-6192) or by submitting your request online directly to Dahl through the following email address: info@AmadorvBrickmanSettlement.com, or if you are unable to email, by submitting your request online directly to Dahl using the case settlement website: www.AmadorvBrickmanSettlement.com. You will not be required to submit proof of reimbursement amounts less than $100.

For any questions related to this issue please call Dahl's dedicated hotline number (866-236-6192) which we have staffed with personnel to handle your calls related to this corrected check process. Please do not contact the attorneys for the parties - they have retained Dahl to handle this process.

We apologize for any inconvenience this inadvertent error by Dahl may have caused you.