IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JONATHAN AMADOR ACEVEDO, MITCHELL BRATTON, JEREMY BUSSE, STEPHEN PULLUM, ERIC MIGDOL, and JOSE GONZALEZ, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>BRIGHTVIEW LANDSCAPES, LLC (f/k/a THE BRICKMAN GROUP, LTD., LLC),<br><br>Defendant. | Civil Action No. 3:13-CV-02529<br><br>Judge Malachy E. Mannion<br><br>*Filed Electronically* |

**PLAINTIFFS' STATUS REPORT AND UNOPPOSED MOTION FOR ORDER APPROVING SETTLEMENT ADMINISTRATION ERROR CORRECTION PROTOCOL**

COME NOW Plaintiffs, by and through their undersigned counsel, and jointly provide the status report on the one year anniversary of the Effective Date of this settlement as required by the Court's Order (Doc. 128), and move the Court for an Order approving the settlement administration error correction protocol, as detailed in the attached Declaration by Dahl Administration ("Dahl Decl."), the Court-appointed Settlement Administrator, showing the Court as follows:

1

I. **Status Report**

This Court's Order granting final approval of the settlement in this case on October 2, 2017 (Doc. 128) required class counsel to "provide a status report to the court on the one-year anniversary of the Effective Date (as defined in the amended agreement) concerning any unclaimed funds." The status of unclaimed funds is reported in the attached Dahl Decl., and as stated below.

II. **Error Correction Protocol**

1. This Court granted final approval of the settlement in this case on October 2, 2017 (Doc. 128). In doing so, the Court granted final approval of Dahl as Settlement Administrator. (Doc. 127, p. 38).

2. The settlement involved two settlement groups: Group 1 (those who filed Consents to join the case prior to settlement), and Group 2 (those who did not filed Consents to join the case prior to settlement, but were offered an opportunity to claim a settlement payment).

3. Settlement check recipients were informed (i) by the settlement Notice that checks must be negotiated within 180 days, (ii) by the enclosure letter accompanying the check payments which stated that the enclosed checks must be negotiated within 180 days and if not cashed by that date it would be void, and (iii) on the physical check itself, by the notation directly under the amount "void after [date 180 days from issue]."

4.     As reflected in the attached Dahl Decl., of the 839 Class Member checks issued, 32 were not cashed or otherwise negotiated within the required period. The amount of the 32 uncashed checks is $71,354.24, of which 27 checks were for Group 1 members with an amount uncashed of $66,005.04.

5.     After the 180 day period expired, consistent with its usual and customary payables and accounting practices, the Settlement Administrator canceled the checks, and they are no longer negotiable.

6.     The Settlement Agreement approved by the Court provides the following protocol for uncashed check funds: "All funds from checks not cashed by Eligible Group 1 members will thereafter, if administratively feasible to do so,[1] be redistributed to Eligible Group 1 members who cashed their Settlement Award checks." The same provision applies to redistribution of uncashed Group 2 checks to Group 2 members who cashed their checks. (Order (Doc. 118-3), ¶ 41, pp. 23-24 of 51).

7.     The Settlement Administrator will redistribute uncashed check funds in accordance with the Settlement Agreement, as to all amounts remaining after the error correction measures summarized below.

---

[1] The Settlement Administrator has confirmed that redistribution of uncashed funds is administratively feasible in this matter.

8. After the distribution of settlement payments, two Group 1 members (Stagmer and Vincenzo) notified Plaintiffs' counsel of an apparent error in the settlement administration calculation of their settlement shares, resulting in each receiving only the minimum payment ($150).

9. Based on Plaintiffs' counsel's investigation and a review of payroll documents requested and received from Defendant, it appears that the settlement shares for each of those two individuals were indeed calculated incorrectly, for reasons immaterial to this motion.

10. The parties, and the Settlement Administrator, have agreed to the following error correction protocol subject to Court approval:

   a. The two Group 1 members whose settlement shares were miscalculated will be paid the additional amount to which they were entitled based on a correct calculation of their settlement shares, in the total aggregate amount of $11,828.09 inclusive of all payments and payroll taxes, from the $66,005.04 amount of Group 1 uncashed check funds;

   b. The Settlement Administrator will then redistribute the remainder of uncashed Group 1 funds ($54,176.95) among Group 1 members who cashed their settlement checks, and will redistribute the Group 2

uncashed check funds to the Group 2 members who cashed their settlement checks.

   c. There will be no additional cost or fee for this error correction protocol and redistribution process, as it is included in the settlement administration fees that were approved for payment to the Settlement Administrator in the amount stated in the Paragraph 25 of the Settlement Administrator's Declaration [ECF No. 125] filed with the final approval motion. Neither Plaintiffs nor Defendant shall be required to pay any amount related to this error correction and redistribution process.

11.    Plaintiffs hereby submit the error correction protocol summarized in this Motion and the attached Dahl Decl. for approval by the Court. A proposed Order is attached for the Court's consideration.

12.    Defendant does not oppose this Motion.

WHEREFORE, Plaintiffs respectfully request that the Court enter an Order approving the proposed settlement administration error correction protocol.

Respectfully submitted this 1st day of November, 2018.

                                        *s/ C. Andrew Head*
                                        C. Andrew Head (admitted *pro hac vice*)
                                        **HEAD LAW FIRM, LLC**

4422 N Ravenswood Ave.
Chicago, IL 60640
Telephone: (404) 924-4151
Facsimile: (404) 796-7338
ahead@headlawfirm.com

Shanon J. Carson (PA 85957)
Sarah R. Schalman-Bergen (PA 206211)
Alexandra L. Piazza (PA 315240)
**BERGER & MONTAGUE, P.C.**
1622 Locust Street
Philadelphia, PA  19103
Telephone: (215) 875-3000
Facsimile: (215) 875-4604
scarson@bm.net
sschalman-bergen@bm.net
akoropey@bm.net

*Attorneys for Plaintiffs and the Class*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing was served upon all counsel of record through the Court's ECF system this 1st day of November, 2018.

>                    */s/ C. Andrew Head*
>                    C. Andrew Head